1   Ross B. Jones, Esq. SBN 120593
    MERRILL, ARNONE & JONES, LLP
2   3554 Round Barn Boulevard, Suite 303
    Santa Rosa, California 95403
3   Telephone: (707) 528-2882
    Facsimile: (707)528-6015
4   Email: *Rossjones@majlaw.com*

5   Attorneys for Defendant
    North Sonoma County Healthcare District, sued as
6   Healdsburg District Hospital or Defendant

7

8                   **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11   ROSAURA HERNANDEZ,                       CASE NO.

12              Plaintiff,
                                              **NOTICE OF REMOVAL OF**
13         vs.                                **ACTION**
                                              **UNDER 28 U.S.D. §1441(a)**
14   HEALDSBURG DISTRICT HOSPITAL
     And Does 1-100, inclusive,               **(FEDERAL QUESTION)**
15
                Defendants.
16   _____/

17   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18         **PLEASE TAKE NOTICE** that Defendant North Sonoma County Hospital District

19   (sued as HEALDSBURG DISTRICT HOSPITAL) hereby removes to this Court the state court

20   action described below.

21         1.    On August 7, 2018, Plaintiff filed a 1st Amended Complaint in the Superior

22   Court of the State of California, County of Sonoma, entitled Rosaura Hernandez, Plaintiff, vs.

23   Healdsburg District Hospital, Defendants, case number SCV-262529, attached hereto as

24   **Exhibit "A."**

25         2.    The first date upon which Defendants Healdsburg District Hospital recived a

26   copy of the 1st Amended Complaint was August 8, 2018, when Defendants were served with a

27   copy of the amended Complaint.  See Exhibit A.

28

                                              1
     NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a) (FEDERAL QUESTION)

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(a) in that it arises under 29 U.S.C. §§207 and 216.  More specifically, the First Cause of Action seeks class certification for alleged violations of overtime provisions of the Fair Labor Standards Act.

4.    Pursuant to 29 U.S.C. §1446(a), copies of all prior pleadings filed in the state court action are attached hereto as **Exhibit B**:

**Exhibit B-1**:  Summons;

**Exhibit B-2**:  Complaint for Damages and Restitution;

**Exhibit B-3**:  Civil Case Cover Sheet;

**Exhibit B-4**:  Notice of Case Assignment; Notice of Case Management Conference and Order to Show Cause;

**Exhibit B-5**:  Proof of Service of Summons;

**Exhibit B-6**:  Notice of Hearing on Demurrer;

**Exhibit B-7**:  Defendants's Demurrer to Complaint of Plaintiff Rosaura Hernandez (CCP §430.10).

**Exhibit B-8**:  Defendant's Points and Authorities In Support of Demurrer of Plaintiff Rosaura Hernandez' Complaint;

**Exhibit B-9**:  Request for Judicial Notice;

**Exhibit B-10**: Notice of Informal Conference and Sanctions CCP §177.5;

**Exhibit B-11**: Proof of Service of Demurrer;

**Exhibit B-12**: Notice and Order Re: Inclusion in Demurrer Facilitator Program;

**Exhibit B-13**: Notice of Rejection of Demurrer Facilitator;

**Exhibit B-14**: Notice and Order of Appointment of Demurrer Facilitator;

**Exhibit B-15**: Order Vacating Appointment of Demurrer Facilitator;

**Exhibit B-16**: Notice and Order of Appointment of Demurrer Facilitator;

**Exhibit B-17**: Order Vacating Appointment of Demurrer Facilitator;

**Exhibit B-18**: 1st Amended Complaint for Damages and Restitution;

**Exhibit B-19**: Summons; and

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a) (FEDERAL QUESTION)

1    **Exhibit B-20:** Civil Case Cover Sheet.

2        5.        There are no other named Defendants whose joinder is required.

3

4  Dated:  September 5, 2018                          MERRILL, ARNONE & JONES, LLP

5                                              By:  _____/s/_____

6                                              Ross B. Jones, Attorneys for Defendant
                                               North Sonoma County Healthcare District
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1   ROBERT C. STRICKLAND (SBN 243757)
    STRICKLAND LAW GROUP
2   1372 N. McDowell Blvd., Suite J
    Petaluma, California 94954
3   Telephone:    (707) 347-9123
    Facsimile:    (707) 347-9123
4   Email:        Robert@stricklandlawyers.com

5   Attorney for Plaintiff ROSAURA HERNANDEZ

**ENDORSED**
**FILED**

AUG – 7 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       FOR THE COUNTY OF SONOMA

9

10                                          CASE NO.: SCV-262529

                                            **CLASS ACTION**
11

12  ROSAURA HERNANDEZ,                      **1ST AMENDED COMPLAINT FOR**
                                            **DAMAGES AND RESTITUTION FOR:**
13              Plaintiff,
                                            1.  **FAILURE TO PAY OVERTIME [29**
14      v.                                      **USC §§ 207; 216] (CLASS ACTION);**
                                            2.  **VIOLATION OF CALIFORNIA**
15  HEALDSBURG DISTRICT HOSPITAL               **BUSINESS & PROFESSION CODE**
    (unknown business entity), and DOES 1-100,  **§17200, et. seq. (CLASS ACTION);**
16  inclusive                               3.  **HARASSMENT (PLAINTIFF**
                                                **ROSAURA HERNANDEZ);**
17              Defendants.                  4.  **FAILURE TO INVESTIGATE**
                                                **HARASSMENT (PLAINTIFF**
18                                              **ROSAURA HERNANDEZ);**
                                            5.  **VIOLATION OF CALIFORNIA**
19                                              **FAMILY RIGHTS ACT [Gov.C. §**
                                                **12945.2; Gov.C. § 12900 *et seq.*];**
20                                          6.  **VIOLATION OF FAMILY AND**
                                                **MEDICAL LEAVE ACT [29 USC §**
21                                              **2601 *et seq.*] (PLAINTIFF ROSAURA**
                                                **HERNANDEZ);**
22                                          7.  **RETALIATION IN VIOLATION OF**
                                                **LABOR CODE §1102.5, et. seq.**
23                                              **(PLAINTIFF ROSAURA**
                                                **HERNANDEZ);**
24

25                                          **DEMAND FOR JURY TRIAL**

26

27

28

- 1 -

**COMES NOW PLAINTIFF** ROSAURA HERNANDEZ (hereinafter "Plaintiff", or "Ms. Hernandez"), an individual over the age of 18, and brings this challenge to Defendant HEALDSBURG DISTRICT HOSPITAL (hereinafter "Defendant"); and DOES 1 through 100. The following allegations are based on Plaintiff's knowledge, information, and belief.

<strong>JURISDICTION AND VENUE</strong>

1. The California Superior Court has jurisdiction in this matter because the monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

2. The California Superior Court also has jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law, California common law principles, and the California Civil Code.

3. Venue is proper in Sonoma County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there as most, if not all, of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains officers, transacts business, and/or has agents therein.

4. Plaintiff has exhausted all administrative remedies and received a Notice of Case Closure and Right to Sue letter from the Department of Fair Employment and Housing on April 8, 2018.

<strong>PARTIES</strong>

5. Plaintiff is a competent adult who is now and/or at all times mentioned in this Complaint resided in the State of California.

6. Plaintiff is informed and believes, that at all times mentioned herein, Defendant HEALDSBURG DISTRICT HOSPITAL was a California corporation, doing business in the County of Sonoma, in the State of California, and was authorized and qualified to do business in the County of Sonoma, in the State of California. HEALDSBURG DISTRICT HOSPITAL is located at 1375 University Ave, Healdsburg, CA 95448.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, and therefore sues these Defendants by such fictitious names pursuant to

California Code of Civil Procedure (hereinafter "CCP") §474. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages, as herein alleged, were legally caused by the aforementioned Defendants.

8.    Defendant was the employer of Plaintiff.

9.    Pursuant to subsections 2(F)-(H) of I.W.C. Order 5, published at 8 California Code of Regulations ("Cal. Code Reg.") Defendants are the employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each Defendant is severally liable for the wrongs complained of herein.

10.    Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, were the agents, servants, employees, subsidiaries and joint-venturers of the other named Defendants, and were acting at all times within the course and scope of their agency, employment, common enterprise, parent corporation and joint-venture, and with the knowledge and consent of their principals and employees. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

11.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

12.    Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

13.    All of the aforementioned Defendants are hereinafter collectively referred to as "Defendants" unless otherwise stated.

///

- 3 -

## ALLEGATIONS

14.    Plaintiff was a non-exempt employee working for Defendant HEALDSBURG DISTRICT HOSPITAL in the position of a customer service and patient access worker.

15.    At all times during Plaintiff's employment with Defendant HEALDSBURG DISTRICT HOSPITAL, based on her observation and belief, there were in excess of 50 non-exempt and non-salaried employees working for Defendant HEALDSBURG DISTRICT HOSPITAL at any given time.

## FACTS PERTINENT TO ALL CLASS CLAIMS

16.    Plaintiff and all other non-exempt employees at Defendant HEALDSBURG DISTRICT HOSPITAL ("PLAINTIFF CLASS") were required to record their work hours on a computer tracking system ("Tracking System") maintained by Defendant HEALDSBURG DISTRICT HOSPITAL.

17.    The Tracking System recorded all hours worked by Plaintiff and the PLAINTIFF CLASS.

18.    The Tracking System provided payroll information regarding the total hours worked by Plaintiff and the PLAINTIFF CLASS.

19.    Plaintiff and the PLAINTIFF CLASS were required to work more than 40 hours per workweek, but Defendant failed to pay overtime compensation of one-and-one-half times their regular rate of pay.

20.    Plaintiff and the PLAINTIFF CLASS were suffered, permitted and required, to perform work in excess of 40 hours a week, for which they received no overtime pay, including work during an assigned shift, before their shifts and after their shifts, and during required attendance at meetings and trainings.

## FACTS PERTINENT TO THE INDIVIDUAL CLAIMS OF PLAINTIFF ROSAURA HERNANDEZ

21.    Plaintiff Rosaura Hernandez worked at Defendant HEALDSBURG DISTRICT HOSPITAL as a customer service and patient access worker.

- 4 -

22.     During Plaintiff's employment she was sexually harassed by Defendant's employee Monica (last name unknown).

23.     Monica exposed and subjected Plaintiff to unsolicited and unwelcomed sexually explicit language.

24.     Monica's sexual harassment of Plaintiff included discussions of graphic sexual encounters and phallic descriptions.

25.     Monica's harassment of Plaintiff occurred on a daily basis.

26.     Plaintiff asked Monica to stop the harassment but she refused.

27.     Plaintiff reported the sexual harassment to her managers and supervisors including Tom Gillis and Carlos Mendoza.

28.     Plaintiff sent Tom Gillis an email reporting that she was being sexual harassed by Monica.

29.     Plaintiff did not receive a response from Mr. Gillis.

30.     Plaintiff verbally informed Carlos Mendoza of the sexual harassment and requested a grievance form to submit.

31.     Supervisor Carlos Mendoza told Plaintiff that, "We don't have grievance forms here at this place".

32.     Mr. Mendoza then actively dissuaded Plaintiff from making a report and warned her of repercussions of ending up on management's "bad side" and not to upset Manager Tom Gillis.

33.     Plaintiff is not aware of any investigation ever conducted into her complaints and reports of sexual harassment by Tom Gillis, Carlos Mendoza, Human Resources, or anyone at Defendant hospital.

34.     Plaintiff was never interviewed by an investigator following up on her complaints and reports of sexual harassment to Defendant's management and administration.

35.     Plaintiff is unaware of any remedial measures ever taken by Defendant to address her complaint of sexual harassment, and Monica's behavior was allowed to continue.

36.     Plaintiff was also exposed to the unwanted statements and touching of Defendant's employee, Andrew Corrick.

- 5 -

37.     Andrew Corrick made the following statements to Plaintiff, "Suck my Dick"; "Your legs are short but well formed"; "You're going to get drunk and laid"; "You should show your boobies to the doctor to get a better discount."

38.     Plaintiff felt sexually harassed by these statements.

39.     Andrew Corrick would also walk past Plaintiff while she was seated and caress her hair.

40.     Plaintiff reported this behavior as sexual harassment to Supervisor Carlos Mendoza.

41.     Mr. Mendoza laughed at Plaintiff's report.

42.     Plaintiff also reported Andew Corrick's behavior as sexual harassment to Supervisor Kim Sharif.

43.     Supervisor Sharif told Plaintiff it was a, "he said she said problem, that is the past, and from now on I want the staff to be customer service oriented and nothing else."

44.     Kim Sharif then asked Plaintiff if she was going to be a problem or if she could cooperate.

45.     Plaintiff is not aware of any investigation ever conducted into her complaints and reports of sexual harassment regarding Andrew Corrick.

46.     Plaintiff was never interviewed by any investigator into her complaints and reports of sexual harassment regarding Andrew Corrick.

47.     Plaintiff is unaware of any remedial measures that were taken to address her report of sexual harassment, and Andew Corrick's behavior was allowed to continue.

48.     Plaintiff also requested from Supervisor Kim Sharif that she be allowed to take medical leave in order to care for her sick daughter.

49.     Supervisor Sharif informed Plaintiff that she could only take medical leave if she resigned from her position.

50.     Plaintiff stated that she did not want to resign, but that she wanted to take medical leave.

51.     Soon thereafter, Plaintiff's daughter came to visit during a break.

52.     Supervisor Sharif approached Plaintiff and her daughter and loudly demanded that Plaintiff's daughter was not allowed to visit.

53.     Plaintiff's daughter left, and Supervisor Sharif then immediately called Plaintiff into her office and instructed her to turn in her badge and sign a resignation form.

54.     Plaintiff told Supervisor Sharif that she wanted to keep her job and did not want to resign.

55.     Supervisor Sharif repeated her request for the badge and resignation.

56.     Plaintiff again declined.

57.     Supervisor Sharif then called Supervisor Tom Gillis on speaker phone and stated, "Rosie (Plaintiff) is here in the office and I'm letting her go."

58.     Tom Gillis replied, "Okay".

59.     Plaintiff was not allowed to collect all of her belongings and was escorted off the premises.

60.     Approximately seven days later, Plaintiff received correspondence from Defendant containing her final paycheck and a letter incorrectly claiming Plaintiff had abandoned her post and her employment was terminated.

61.     Plaintiff did not abandon her post, but had been terminated by Supervisors Sharif and Gillis.

## THE PROPOSED CLASS

62.     Plaintiff proposes she serve as Class Representative for all persons who, at any time during the three (3) years preceding the filing of this action, and since, were employed by Defendant HEALDSBURG DISTRICT HOSPITAL in non-exempt job positions and worked in excess of 40 hours per work week without receiving overtime pay.

## CLASS ACTION REQUIREMENTS ARE SATISFIED

63.     NUMEROSITY: The PLAINTIFF CLASS is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes,

1  and thereon alleges that over 100 current and former non-exempt individuals have been

2  employed by Defendants during the period commencing four years prior to the filing of the

3  Complaint in this action, to date.

4     64.    COMMON QUESTIONS PREDOMINATE:  Common questions of law and fact

5  exist as to all members of the PLAINTIFF CLASS and predominate over any questions that

6  affect only individual members of the class.  The predominant common questions of law and fact

7  include:

8        i.       Whether DEFENDANTS provided PLAINTIFF CLASS with Overtime
             pay for all hours worked in excess of forty hours per work week;
9

10    65.    TYPICALITY:  Plaintiff's claims are identical of the claims of the PLAINTIFF

11  CLASS.  All CLASS MEMBERS worked at the same location under the same administration

12  and under Defendants' common practices regarding payment of wages.  CLASS MEMBERS all

13  worked under the same time tracking program.

14    66.    ADEQUACY:  Plaintiff will fairly and adequately protect the interests of the

15  members of the class.  Plaintiff's attorney has experience in employment and class action matters

16  and may adequately represent the class in this matter.  Plaintiff has no interest that is adverse to

17  the interests of the PLAINTIFF CLASS.

18    67.    SUPERIORITY:  A class action is superior to other available means for the fair and

19  efficient adjudication of this controversy.  Because individual joinder of all members of the class

20  is impractical, class action treatment will permit a large number of similarly situated persons to

21  prosecute their common claims in a single forum simultaneously, efficiently and without the

22  unnecessary duplication of effort and expense that numerous individual actions would engender.

23  The relatively minor amount of individual damages in question coupled with the expenses and

24  burdens of individual litigation would make it difficult or impossible for individual members of

25  the calls to redress the wrongs done to them, while important public interests will be served by

26  addressing the matter as a class action.  The cost to and burden on the court system of

27  adjudication of individualized litigation would be substantial and substantially more than the

28

- 8 -

costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
Failure to Pay Overtime Wages - Against All Defendants
(CLASS ACTION)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

68. Defendants failed to pay its non-exempt workers overtime pay of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours in each work week.

69. This practice violates the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

70. Defendants failure to pay employees appropriate overtime compensation was willful and done with reckless disregard.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of California Business & Profession Code §17200, et. seq.
(CLASS ACTION)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

71. Defendants' wage violations alleged heretofore, occurred throughout the four year period preceding the filing of this action. The alleged conduct is illegal conduct pursuant to the regulations, laws, and statutes of California.

72. This conduct occurred during the four year period preceding the filing of this action. The unlawful conduct of Defendants constitutes unlawful business practices in violation of Business and Professions Code §17200, et seq.

73. Pursuant to Business and Professions Code § 17200, et seq. Plaintiff and the Plaintiff Class have suffered injures in fact and have lost money or property as a result of such unfair competition on behalf of the Defendants.

74. Plaintiff and the Plaintiff Class seeks full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
Sexual Harassment
### (PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

75. At all times herein mentioned, California Government Code §12940(j)(1) was in full force and effect and was binding on Defendant. This statute holds that it is an unlawful employment practice for an employer, "because of…sex, gender… to harass an employee…"

76. The conduct of defendants, and each of them as described above, was directly harassing of plaintiff, and contributed to a work place environment hostile to plaintiff, based on plaintiff's sex, in violation of Government Code § 12940(j)(1), and Title 2 California Administrative Code §§ 7287.6, 7287.7, and 7287.8, and in violation of common law sex harassment in abrogation of plaintiff's rights.

77. The defendants are legally responsible for the conduct of their co-defendants based on said defendants' actual or construction knowledge of the conduct and their failure to take reasonable steps to prevent said conduct, and based on defendants and Does 1 through 100, inclusive, positions of authority over plaintiff.

78. As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer damages, substantial losses in salary, and other special and general damages to be ascertained according to proof.

79. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants harassed plaintiff

because of her sex and gender, thereby entitling plaintiff to exemplary or punitive damages.

80. As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Failure to Investigate or Take Steps to Prevent Harassment
(PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

81. Defendants, by permitting the sexual harassment to continually occur, and by ignoring her reporting of the same, as described above, failed to take all reasonable steps necessary to prevent harassment and discrimination from occurring in violation of Government Code §§ 12926.1 and 12940(k) and all applicable regulations under the California Code of Regulations.

82. Plaintiff was injured and damaged as alleged above as a direct and legal result of the defendants' conduct.

83. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

84. As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, punitive damages, equitable relief, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
California Family Rights Act – Gov.C § 12945.2; 12900 *et seq.*
(PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

85. Defendant's actions violated Gov.C. § 12945.2 as described above.

86. The defendants are legally responsible for the conduct of their co-defendants based on said defendants' actual or construction knowledge of the conduct and their failure to take

- 11 -

1    reasonable steps to prevent said conduct, and based on defendants and Does 1 through

2    100, inclusive, positions of authority over plaintiff.

3    87. As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff

4    has suffered and continues to suffer damages, substantial losses in salary, and other

5    special and general damages to be ascertained according to proof.

6    88. The above-alleged actions of defendants were done with malice, fraud or oppression, and

7    in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and

8    in violation of the public policy of California. Specifically defendants harassed plaintiff

9    because of her sex and gender, thereby entitling plaintiff to exemplary or punitive

10    damages.

11    89. Plaintiff also prays for reasonable costs and attorney fees, as allowed.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Family and Medical Leave Act – 29 USC § 2601 *et seq.*
(PLAINTIFF ROSAURA HERNANDEZ)

14    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained

15    in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

16    90. Defendant's actions violated 29 USC §2601, as described above.

17    91. The defendants are legally responsible for the conduct of their co-defendants based on

18    said defendants' actual or construction knowledge of the conduct and their failure to take

19    reasonable steps to prevent said conduct, and based on defendants and Does 1 through

20    100, inclusive, positions of authority over plaintiff.

21    92. As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff

22    has suffered and continues to suffer damages, substantial losses in salary, and other

23    special and general damages to be ascertained according to proof.

24    93. The above-alleged actions of defendants were done with malice, fraud or oppression, and

25    in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and

26    in violation of the public policy of California. Specifically defendants harassed plaintiff

27    because of her sex and gender, thereby entitling plaintiff to exemplary or punitive

28    damages.

94. Plaintiff also prays for reasonable costs and attorney fees, as allowed.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Retaliation §1102.5(b), §1102.5(c)
### (PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

95. At all times herein mentioned, California Labor Code §1102.5 *et seq.* was in full force and effect and was binding on Defendants.

96. Plaintiff was an employee of Defendants.

97. Plaintiff engaged in a protected activity by disclosing what she believed to be violations of state and federal law.

98. Defendants took adverse employment actions against Plaintiff including terminating her employment in retaliation for Plaintiff's actions.

99. Plaintiff's engagement in a protected activity was a contributing factor for Defendants' motivation to take adverse employment actions against Plaintiff.

100.    Defendants acted with malice and reckless disregard for Plaintiff's rights in causing Plaintiff's injuries.

101.    Defendants' actions were a substantial factor in causing this harm.

102.    As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer emotional distress, substantial losses in salary, and other special and general damages to be ascertained according to proof.

103.    Plaintiff also prays for reasonable costs and attorney fees, as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and the Plaintiff Class, and all others similarly situated, pray for relief and judgment against Defendants as follows:

CLASS CERTIFICATION

A.    The First and Second, causes of action be certified as a class action.

B.    PLAINTIFF be certified as the representative of the class.

C.    Counsel for PLAINTIFF be confirmed as class counsel.

ON ALL CAUSES OF ACTION

    D.    For an Order finding and declaring that Defendants' acts and practices as described herein are unlawful;

    E.    For an Order of restitution in an amount equal to the unpaid wages, expenditures, and losses of Plaintiff and the Plaintiff Class in an amount to be determined at trial;

    F.    For an Order permanently enjoining Defendants acts and practices described herein;

    G.    For compensatory damages against Defendants to be paid to the Plaintiff and Plaintiff class, including all wages, expenditures, and losses owed under California law;

    H.    For all special damages in an amount to be proven at trial;

    I.    For all general damages in an amount to be proven at trial;

    J.    For interest and prejudgment interest on the above amounts as allowed by Labor Code § 1194 and California Civil Code § 3287;

    K.    For all appropriate penalties;

    L.    For reasonable attorney's fees and costs, pursuant to the Labor Code and Code of Civil Procedure;

    M.    For waiting time penalties pursuant to Labor Code § 200-203;

    N.    For Liquated Damages pursuant to Labor Code § 1194.2;

    O.    For all costs of suit, damages and equitable relief;

    P.    For such other relief as the Court deems just and proper.

Dated: August 6, 2018

                        STRICKLAND LAW GROUP

                    By:                       
                        ROBERT C. STRICKLAND, ESQ.
                        Attorney for Plaintiffs
                        ROSAURA HERNANDEZ

EXHIBIT B

# Exhibit B-1

Rosaura Hernandez v. Healdsburg District Hospital, et al.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HEALDSBURG DISTRICT HOSPITAL (unknown business entity), and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSAURA HERNANDEZ

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **ENDORSED<br>FILED**<br>MAY 2 5 2018<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sonoma County Superior Court

600 Administration Drive, Santa Rosa, CA 95403

CASE NUMBER:
*(Número del Caso):* SCV-262529

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert C. Strickland, 1372 N. McDowell Blvd., Suite J Petaluma CA 94954; Tel: (707) 347-9123

| DATE:<br>*(Fecha)* MAY 2 5 2018 | ARLENE D. JUNIOR Clerk, by<br>*(Secretario)* | LORENA DELOZA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Healdsburg District Hospital (unknown business entity)

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP § 415.95 (Business Organization Form Unknown)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# Exhibit B-2
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

1  ROBERT C. STRICKLAND (SBN 243757)
2  STRICKLAND LAW GROUP
   1372 N. McDowell Blvd., Suite J
3  Petaluma, California 94954
   Telephone:    (707) 347-9123
4  Facsimile:    (707) 347-9123
   Email:        Robert@stricklandlawyers.com
5  Attorney for Plaintiff ROSAURA HERNANDEZ

ENDORSED
FILED

MAY 25 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF SONOMA

9
                                    | CASE NO.:
10
                                    | CLASS ACTION SCV-262529
11
                                    | COMPLAINT FOR DAMAGES AND
12  ROSAURA HERNANDEZ,              | RESTITUTION FOR:
13              Plaintiff,          | 1.  FAILURE TO ALLOW REST
                                    |     PERIODS IN VIOLATION OF
14       v.                         |     INDUSTRIAL WELFARE
                                    |     COMMISSION ORDER 5-2001, Cal.
15  HEALDSBURG DISTRICT HOSPITAL    |     Lab. Code § 226.7 et seq.) (CLASS
    (unknown business entity), and DOES 1-100, |     ACTION);
16  inclusive                       | 2.  FAILURE TO ALLOW MEAL
                                    |     PERIODS IN VIOLATION OF
17              Defendants.         |     INDUSTRIAL WELFARE
                                    |     COMMISSION ORDER 5-2001, Cal.
18                                  |     Lab. Code § 226.7 et seq.) (CLASS
                                    |     ACTION);
19                                  | 3.  FAILURE TO PAY OVERTIME
                                    |     WAGES IN VIOLATION OF
20                                  |     LABOR CODE §510, 1194, 1197 AND
                                    |     INDUSTRIAL WELFARE
21                                  |     COMMISSION ORDER 5-2001
                                    |     (CLASS ACTION);
22                                  | 4.  FAILURE TO TIMELY FURNISH
                                    |     ACCURATE WAGE STATEMENTS
23                                  |     IN VIOLATION OF LABOR CODE
                                    |     §226 (CLASS ACTION);
24                                  | 5.  FAILURE TO TIMELY PAY
                                    |     WAGES DUE FORMER
25                                  |     EMPLOYEES UPON SEPARATION
                                    |     OF EMPLOYMENT IN
26                                  |     VIOLATION OF LABOR CODE
                                    |     §201, 202, 203 (CLASS ACTION);
27                                  | 6.  VIOLATION OF CALIFORNIA
                                    |     BUSINESS & PROFESSION CODE
28                                  |     §17200, et. seq. (CLASS ACTION);

- 1 -
COMPLAINT FOR DAMAGES

7. HARASSMENT (PLAINTIFF ROSAURA HERNANDEZ);
8. FAILURE TO INVESTIGATE HARASSMENT (PLAINTIFF ROSAURA HERNANDEZ);
9. VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT [Gov.C. § 12945.2; Gov.C. § 12900 *et seq.*];
10. VIOLATION OF FAMILY AND MEDICAL LEAVE ACT [29 USC § 2601 *et seq.*]
11. RETALIATION IN VIOLATION OF LABOR CODE §1102.5, et. seq. (PLAINTIFF ROSAURA HERNANDEZ);

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

**COMES NOW PLAINTIFF** ROSAURA HERNANDEZ (hereinafter "Plaintiff", or "Ms. Hernandez"), an individual over the age of 18, and brings this challenge to Defendant HEALDSBURG DISTRICT HOSPITAL (hereinafter "Defendant"); and DOES 1 through 100. The following allegations are based on Plaintiff's knowledge, information, and belief.

## JURISDICTION AND VENUE

1. The California Superior Court has jurisdiction in this matter because the monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

2. The California Superior Court also has jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law, California common law principles, and the California Civil Code.

3. Venue is proper in Sonoma County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there as most, if not all, of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains officers, transacts business, and/or has agents therein.

4. Plaintiff has exhausted all administrative remedies and received a Notice of Case Closure and Right to Sue letter from the Department of Fair Employment and Housing on April 8, 2018.

## PARTIES

5. Plaintiff is a competent adult who is now and/or at all times mentioned in this Complaint resided in the State of California.

6. Plaintiff is informed and believes, that at all times mentioned herein, Defendant HEALDSBURG DISTRICT HOSPITAL was a California corporation, doing business in the County of Sonoma, in the State of California, and was authorized and qualified to do business in the County of Sonoma, in the State of California. HEALDSBURG DISTRICT HOSPITAL is located at 1375 University Ave, Healdsburg, CA 95448.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, and therefore sues these Defendants by such fictitious names pursuant to

-3-
**COMPLAINT FOR DAMAGES**

1    California Code of Civil Procedure (hereinafter "CCP") §474. Plaintiff will amend this
2    Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and
3    believes that each of these fictitiously named Defendants is responsible in some manner for the
4    occurrences alleged herein, and that Plaintiff's injuries and damages, as herein alleged, were
5    legally caused by the aforementioned Defendants.

6        8.    Defendant was the employer of Plaintiff.

7        9.    Pursuant to subsections 2(F)-(H) of I.W.C. Order 5, published at 8 California
8    Code of Regulations ("Cal. Code Reg.") Defendants are the employers of Plaintiff within the
9    meaning of the applicable Wage Order and applicable California Labor Code sections.
10   Therefore, each Defendant is severally liable for the wrongs complained of herein.

11       10.   Plaintiff is informed and believes, and thereon alleges that Defendants, and each
12   of them, were the agents, servants, employees, subsidiaries and joint-venturers of the other
13   named Defendants, and were acting at all times within the course and scope of their agency,
14   employment, common enterprise, parent corporation and joint-venture, and with the knowledge
15   and consent of their principals and employees. Plaintiff is further informed and believes, and
16   thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the
17   acts alleged herein to each of the remaining Defendants.

18       11.   Defendants, and each of them, at all times mentioned in this Complaint approved
19   of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in
20   this Complaint. Defendants, and each of them, at all times mentioned in this Complaint aided
21   and abetted the acts and omissions of each and every one of the other Defendants thereby
22   proximately causing the damages alleged in this Complaint.

23       12.   Defendants, and each of them, proximately subjected Plaintiff to the unlawful
24   practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

25       13.   All of the aforementioned Defendants are hereinafter collectively referred to as
26   "Defendants" unless otherwise stated.

27

28   ///

-4-
**COMPLAINT FOR DAMAGES**

**ALLEGATIONS**

14.     Plaintiff was a non-exempt employee working for Defendant HEALDSBURG DISTRICT HOSPITAL in the position of a customer service and patient access worker.

15.     At all times during Plaintiff's employment with Defendant HEALDSBURG DISTRICT HOSPITAL, based on her observation and belief, there were in excess of 50 non-exempt and non-salaried employees working for Defendant HEALDSBURG DISTRICT HOSPITAL at any given time.

**FACTS PERTINENT TO ALL CLASS CLAIMS**

16.     Plaintiff and all other non-exempt employees at Defendant HEALDSBURG DISTRICT HOSPITAL ("PLAINTIFF CLASS") were required to record their work hours on a computer tracking system ("Tracking System") maintained by Defendant HEALDSBURG DISTRICT HOSPITAL.

17.     The Tracking System recorded all hours worked by Plaintiff and the PLAINTIFF CLASS.

18.     The Tracking System provided payroll information regarding the total hours worked by Plaintiff and the PLAINTIFF CLASS.

19.     The Tracking System was capable of recording all meal and rest periods taken by the Plaintiff and the PLAINTIFF CLASS.

20.     Plaintiff and the PLAINTIFF CLASS would not receive an additional hour of pay when the Tracking System recorded a missed or interrupted meal period.

21.     Plaintiff and the PLAINTIFF CLASS would not receive an additional hour of pay when the Tracking System recorded a missed or interrupted rest period.

22.     Plaintiff and the PLAINTIFF CLASS were coerced and intimidated by management to work through rest and meal periods.

23.     Plaintiff and the PLAINTIFF CLASS were coerced and intimidated by management to report complete and uninterrupted rest and meal periods in the Tracking System when in fact they had been denied.

24.    Plaintiff and the PLAINTIFF CLASS were forced to work through rest and meal periods when the Hospital was understaffed and relief was unavailable.

25.    Plaintiff and the PLAINTIFF CLASS would not receive an additional hour of pay when they were coerced and denied a complete and uninterrupted rest or meal period.

26.    Plaintiff and the PLAINTIFF CLASS were also required to work more than eight hours per day and more than 40 hours per workweek, but Defendant failed to pay overtime compensation required by the California Labor Code and applicable Wage Order.

27.    Plaintiff and the PLAINTIFF CLASS were suffered, permitted and required, to perform work in excess of eight hours a day, and in excess of 40 hours a week, for which they received no overtime pay, including work during an assigned shift, before their shifts and after their shifts and during required attendance at meetings and trainings.

## FACTS PERTINENT TO THE INDIVIDUAL CLAIMS OF PLAINTIFF ROSAURA HERNANDEZ

28.    Plaintiff Rosaura Hernandez worked at Defendant HEALDSBURG DISTRICT HOSPITAL as a customer service and patient access worker.

29.    During Plaintiff's employment she was sexually harassed by Defendant's employee Monica (last name unknown).

30.    Monica exposed and subjected Plaintiff to unsolicited and unwelcomed sexually explicit language.

31.    Monica's sexual harassment of Plaintiff included discussions of graphic sexual encounters and phallic descriptions.

32.    Monica's harassment of Plaintiff occurred on a daily basis.

33.    Plaintiff asked Monica to stop the harassment but she refused.

34.    Plaintiff reported the sexual harassment to her managers and supervisors including Tom Gillis and Carlos Mendoza.

35.    Plaintiff sent Tom Gillis an email reporting that she was being sexual harassed by Monica.

36.    Plaintiff did not receive a response from Mr. Gillis.

37.    Plaintiff verbally informed Carlos Mendoza of the sexual harassment and requested a grievance form to submit.

38.    Supervisor Carlos Mendoza told Plaintiff that, "We don't have grievance forms here at this place".

39.    Mr. Mendoza then actively dissuaded Plaintiff from making a report and warned her of repercussions of ending up on management's "bad side" and not to upset Manager Tom Gillis.

40.    Plaintiff is not aware of any investigation ever conducted into her complaints and reports of sexual harassment by Tom Gillis, Carlos Mendoza, Human Resources, or anyone at Defendant hospital.

41.    Plaintiff was never interviewed by an investigator following up on her complaints and reports of sexual harassment to Defendant's management and administration.

42.    Plaintiff is unaware of any remedial measures ever taken by Defendant to address her complaint of sexual harassment, and Monica's behavior was allowed to continue.

43.    Plaintiff was also exposed to the unwanted statements and touching of Defendant's employee, Andrew Corrick.

44.    Andrew Corrick made the following statements to Plaintiff, "Suck my Dick"; "Your legs are short but well formed"; "You're going to get drunk and laid"; "You should show your boobies to the doctor to get a better discount."

45.    Plaintiff felt sexually harassed by these statements.

46.    Andrew Corrick would also walk past Plaintiff while she was seated and caress her hair.

47.    Plaintiff reported this behavior as sexual harassment to Supervisor Carlos Mendoza.

48.    Mr. Mendoza laughed at Plaintiff's report.

49.    Plaintiff also reported Andew Corrick's behavior as sexual harassment to Supervisor Kim Sharif.

50.    Supervisor Sharif told Plaintiff it was a, "he said she said problem, that is the past, and from now on I want the staff to be customer service oriented and nothing else."

51.    Kim Sharif then asked Plaintiff if she was going to be a problem or if she could cooperate.

52.    Plaintiff is not aware of any investigation ever conducted into her complaints and reports of sexual harassment regarding Andrew Corrick.

53.    Plaintiff was never interviewed by any investigator into her complaints and reports of sexual harassment regarding Andrew Corrick.

54.    Plaintiff is unaware of any remedial measures that were taken to address her report of sexual harassment, and Andew Corrick's behavior was allowed to continue.

55.    Plaintiff also requested from Supervisor Kim Sharif that she be allowed to take medical leave in order to care for her sick daughter.

56.    Supervisor Sharif informed Plaintiff that she could only take medical leave if she resigned from her position.

57.    Plaintiff stated that she did not want to resign, but that she wanted to take medical leave.

58.    Soon thereafter, Plaintiff's daughter came to visit during a break.

59.    Supervisor Sharif approached Plaintiff and her daughter and loudly demanded that Plaintiff's daughter was not allowed to visit.

60.    Plaintiff's daughter left, and Supervisor Sharif then immediately called Plaintiff into her office and instructed her to turn in her badge and sign a resignation form.

61.    Plaintiff told Supervisor Sharif that she wanted to keep her job and did not want to resign.

62.    Supervisor Sharif repeated her request for the badge and resignation.

63.    Plaintiff again declined.

64.    Supervisor Sharif then called Supervisor Tom Gillis on speaker phone and stated, "Rosie (Plaintiff) is here in the office and I'm letting her go."

65.    Tom Gillis replied, "Okay".

66.    Plaintiff was not allowed to collect all of her belongings and was escorted off the premises.

COMPLAINT FOR DAMAGES

67.     Approximately seven days later, Plaintiff received correspondence from Defendant containing her final paycheck and a letter incorrectly claiming Plaintiff had abandoned her post and her employment was terminated.

68.     Plaintiff did not abandon her post, but had been terminated by Supervisors Sharif and Gillis.

## THE PROPOSED CLASS

69.     Plaintiff proposes she serve as Class Representative for all persons who, at any time during the four (4) years preceding the filing of this action, and since, were employed by Defendant HEALDSBURG DISTRICT HOSPITAL in non-exempt job positions.

## CLASS ACTION REQUIREMENTS ARE SATISFIED

70.     NUMEROSITY:  The PLAINTIFF CLASS is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and thereon alleges that over 100 current and former non-exempt individuals have been employed by Defendants during the period commencing four years prior to the filing of the Complaint in this action, to date.

71.     COMMON QUESTIONS PREDOMINATE:  Common questions of law and fact exist as to all members of the PLAINTIFF CLASS and predominate over any questions that affect only individual members of the class.  The predominant common questions of law and fact include:

i.      Whether DEFENDANTS provided PLAINTIFF CLASS with one hour of pay for each day a Rest Period was denied;

ii.     Whether DEFENDANTS provided PLAINTIFF CLASS with one hour of pay for each day a Meal Period was denied;

iii.    Whether DEFENDANTS provided PLAINTIFF CLASS with Overtime pay for all hours worked in excess of eight hours per work day;

iv.     Whether DEFENDANTS provided PLAINTIFF CLASS with Overtime pay for all hours worked in excess of forty hours per work week;

COMPLAINT FOR DAMAGES

v.    Whether DEFENDANTS provided PLAINTIFF CLASS with accurate itemized wage statements at the time of each payment;

vi.   Whether DEFENDANTS failed to proved PLAINTIFF CLASS all wages due upon separation;

72.    TYPICALITY:  Plaintiff's claims are identical of the claims of the PLAINTIFF CLASS.  All CLASS MEMBERS worked at the same location under the same administration and under Defendants' common practices regarding rest periods, meal periods, and payment of wages.  CLASS MEMBERS all worked under the same time tracking program.

73.    ADEQUACY:  Plaintiff will fairly and adequately protect the interests of the members of the class.  Plaintiff's attorney has experience in employment and class action matters and may adequately represent the class in this matter.  Plaintiff has no interest that is adverse to the interests of the PLAINTIFF CLASS.

74.    SUPERIORITY:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Because individual joinder of all members of the class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  The relatively minor amount of individual damages in question coupled with the expenses and burdens of individual litigation would make it difficult or impossible for individual members of the calls to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action.  The cost to and burden on the court system of adjudication of individualized litigation would be substantial and substantially more than the costs and burdens of a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
Failure to Allow for Rest Periods - Against All Defendants
(CLASS ACTION)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

- 10 -

75. Labor Code §226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

76. Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

77. Section 12(A) of the IWC Wage Order 4-2001 states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

78. Plaintiff, and the PLAINTIFF CLASS, consistently worked over four (4) hours per shift and therefore was entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

79. Defendants caused and failed to authorize and permit the required rest periods established by Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage Order 5-2001. Defendants actively coerced and prevented Plaintiff and the Plaintiff Class from taking rest periods.

80. Pursuant to Section 12(B) of the IWC Wage Order 5-2001, and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff, and the Plaintiff Class, is entitled to damages in an amount equal to one (1) additional

1   hour of pay at each employees' regular rate of compensation for each work day that the

2   rest period was not provided.

3   81. Pursuant to Labor Code §558(a), any employer or other person acting on behalf of an

4   employer who violates, or causes to be violated a section of Labor Code §500, et seq. or

5   any provision regulating hours and days of work in any order of the Industrial Welfare

6   Commission shall be liable for civil penalties.

7   82. Pursuant to Labor Code §218.6 and CC §3287, Plaintiff seeks recovery of pre-judgment

8   interest on all amounts recovered herein.

9   83. Pursuant to Labor Code §218.5, Plaintiff requests the Court award reasonable attorneys'

10  fees and costs incurred in this action.

11  **SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
Failure to Allow Meal Periods - Against All Defendants

12  (CLASS ACTION)

13  Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained

14  in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

15  84. Labor Code §226.7(a) states: "No employer shall require any employee to work during

16  any meal or rest period mandated by an applicable order of the Industrial Welfare

17  Commission."

18  85. Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend

19  working condition orders with respect to break periods for any workers in California

20  consistent with the health and welfare of those workers.

21  86. Section 11(A) of the IWC Wage Order 5-2001 states: "No employer shall employ any

22  person for a work period of more than five (5) hours without a meal period of not less

23  than 30 minutes, except that when a work period of not more than six (6) hours will

24  complete the day's work the meal period may be waived by mutual consent of the

25  employer and the employee. Unless the employee is relieved of all duty during a 30

26  minute meal period, the meal period shall be considered an 'on duty' meal period and

27  counted as time worked."

28

87. Defendants' caused and failed to authorize and permit the required meal periods established by Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage Order 5-2001. Defendants actively coerced and prevented Plaintiff and the Plaintiff Class from taking rest periods.

88. Pursuant to Section 11(B) of the IWC Wage Order 5-2001, and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff, and the Plaintiff Class, is entitled to damages in an amount equal to one (1) additional hour of pay at each employees' regular rate of compensation for each work day that the rest period was not provided.

89. Pursuant to Labor Code §558(a), any employer or other person acting on behalf of an employer who violates, or causes to be violated a section of Labor Code §500, et seq. or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be liable for civil penalties.

90. Pursuant to Labor Code §218.6 and CC §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

91. Pursuant to Labor Code §218.5, Plaintiff requests that the Court award reasonable attorneys' fees and costs incurred by him in this action.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Failure to Pay Overtime Wages
### - Against All Defendants
### (CLASS ACTION)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

92. California and the Wage Orders provide that a workday consists of eight hours, a workweek consists of 40 hours, and an employer must compensate an employee who

- 13 -
COMPLAINT FOR DAMAGES

1    works overtime hours with either one-and-one-half times or double the employee's

2    regular rate of compensation.

3    93. Defendants employed Plaintiff and the Plaintiff Class for more than eight hours per day

4    and more than 40 hours per workweek, but Defendants failed to pay overtime

5    compensation required by the California Labor Code and the Wage Order.

6    94. As set forth herein, Plaintiff Class members were suffered, permitted and required, to

7    perform work in excess of eight hours a day, and in excess of 40 hours a week, for which

8    they received no overtime pay, including work before their shifts and after their shifts and

9    during required attendance at meetings and trainings.

10   95. Defendants deprived Plaintiff and the Plaintiff Class of rightfully earned overtime

11   compensation as a direct and proximate result of Defendants' failure to pay said

12   compensation.

13   96. Under Code section 1194, Plaintiff and the Plaintiff Class is entitled to recover such

14   amounts, plus interest thereon, attorney's fees, and costs.

15   **FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
     Failure to Timely Furnish Accurate Itemized
16   Wage Statement - Against All Defendants
     (CLASS ACTION)
17

18   Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained

19   in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

20   97. Labor Code section 226(a) requires Defendants, "semimonthly or at the time of each

21   payment of wages," to furnish Plaintiff and Plaintiff Class "an accurate itemized

22   statement in writing" showing gross and net wages earned, total hours worked by the

23   employee/employees, rates of pay, and other information.

24   98. Defendants failed to provide Plaintiff and Plaintiff Class with such timely and accurate

25   wage and hour statements.

26   99. Plaintiff and Plaintiff Class suffered injury as a result of Defendants' known failure to

27   provide them with the wage and hour statements required by law.

28

COMPLAINT FOR DAMAGES

100.     Under Code section 226, subsections (e) and (f), and based on Defendants' conduct as alleged herein, Plaintiff and Plaintiff Class is entitled to (a) fifty dollars ($50) for the initial pay period in which a wage and hour statement violation occurred, and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000); (b) injunctive relief to ensure Defendants' compliance with Labor Code Section 226; and (c) an award of costs and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Failure to Timely Pay Wages Due Former
Employees Upon Separation – Against All Defendants
(CLASS ACTION)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

101.     Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

102.     Plaintiff and other members of Plaintiff Class are no longer employed by Defendants.

103.     Defendants consistently and willfully failed to pay the earned wages of Plaintiff and Plaintiff Class, according to proof.

104.     Defendants willfully failed to pay Plaintiff and Plaintiff Class a sum certain at the time of separation of employment with Defendants.

105.     Defendants' willful failure to pay wages violates Labor Code §203 because Defendants knew or should have known wages were due, but Defendants failed to pay them.

106.     Plaintiff and Plaintiff Class are entitled to recovery pursuant to Labor Code §203.

1    107.    Plaintiff is entitled to recover attorneys' fees and costs pursuant to Labor Code

2    §§203, 218.5.

3

4    **SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
Violation of California Business & Profession Code §17200, et. seq.

5    (CLASS ACTION)

6    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained

7    in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

8    108.    Defendants' employment and wage violations alleged heretofore, occurred

9    throughout the four year period preceding the filing of this action. The alleged conduct is

10    illegal conduct pursuant to the regulations, laws, and statutes of California.

11    109.    This conduct occurred during the four year period preceding the filing of this

12    action. The unlawful conduct of Defendants constitutes unlawful business practices in

13    violation of Business and Professions Code §17200, *et seq.*

14    110.    Pursuant to Business and Professions Code § 17200, *et seq.* Plaintiff and the

15    Plaintiff Class have suffered injures in fact and have lost money or property as a result of

16    such unfair competition on behalf of the Defendants.

17    111.    Plaintiff and the Plaintiff Class seeks full restitution from Defendants, as necessary

18    and according to proof, to restore any and all monies withheld, acquired and/or converted

19    by Defendants by means of the unfair practices complained of herein.

20

21    **SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
Sexual Harassment

22    (PLAINTIFF ROSAURA HERNANDEZ)

23    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained

24    in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

25    112.    At all times herein mentioned, California Government Code §12940(j)(1) was in

26    full force and effect and was binding on Defendant. This statute holds that it is an

27    unlawful employment practice for an employer, "because of...sex, gender... to harass an

28    employee..."

113.    The conduct of defendants, and each of them as described above, was directly harassing of plaintiff, and contributed to a work place environment hostile to plaintiff, based on plaintiff's sex, in violation of Government Code § 12940(j)(1), and Title 2 California Administrative Code §§ 7287.6, 7287.7, and 7287.8, and in violation of common law sex harassment in abrogation of plaintiff's rights.

114.    The defendants are legally responsible for the conduct of their co-defendants based on said defendants' actual or construction knowledge of the conduct and their failure to take reasonable steps to prevent said conduct, and based on defendants and Does 1 through 100, inclusive, positions of authority over plaintiff.

115.    As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer damages, substantial losses in salary, and other special and general damages to be ascertained according to proof.

116.    The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants harassed plaintiff because of her sex and gender, thereby entitling plaintiff to exemplary or punitive damages.

117.    As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Failure to Investigate or Take Steps to Prevent Harassment
### (PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

118.    Defendants, by permitting the sexual harassment to continually occur, and by ignoring her reporting of the same, as described above, failed to take all reasonable steps necessary to prevent harassment and discrimination from occurring in violation of Government Code §§ 12926.1 and 12940(k) and all applicable regulations under the California Code of Regulations.

- 17 -

119.    Plaintiff was injured and damaged as alleged above as a direct and legal result of the defendants' conduct.

120.    The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

121.    As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, punitive damages, equitable relief, attorneys' fees, and costs.

## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
California Family Rights Act – Gov.C § 12945.2; 12900 *et seq.*
(PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

122.    Defendant's actions violated Gov.C. § 12945.2 as described above.

123.    The defendants are legally responsible for the conduct of their co-defendants based on said defendants' actual or construction knowledge of the conduct and their failure to take reasonable steps to prevent said conduct, and based on defendants and Does 1 through 100, inclusive, positions of authority over plaintiff.

124.    As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer damages, substantial losses in salary, and other special and general damages to be ascertained according to proof.

125.    The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants harassed plaintiff because of her sex and gender, thereby entitling plaintiff to exemplary or punitive damages.

126.    Plaintiff also prays for reasonable costs and attorney fees, as allowed.

///

## TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Family and Medical Leave Act – 29 USC § 2601 *et seq.*
(PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

127.    Defendant's actions violated 29 USC §2601, as described above.

128.    The defendants are legally responsible for the conduct of their co-defendants based on said defendants' actual or construction knowledge of the conduct and their failure to take reasonable steps to prevent said conduct, and based on defendants and Does 1 through 100, inclusive, positions of authority over plaintiff.

129.    As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer damages, substantial losses in salary, and other special and general damages to be ascertained according to proof.

130.    The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants harassed plaintiff because of her sex and gender, thereby entitling plaintiff to exemplary or punitive damages.

131.    Plaintiff also prays for reasonable costs and attorney fees, as allowed.

## ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
Retaliation §1102.5(b), §1102.5(c)
(PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

132.    At all times herein mentioned, California Labor Code §1102.5 *et seq.* was in full force and effect and was binding on Defendants.

133.    Plaintiff was an employee of Defendants.

134.    Plaintiff engaged in a protected activity by disclosing what she believed to be violations of state and federal law.

135.    Defendants took adverse employment actions against Plaintiff including terminating her employment in retaliation for Plaintiff's actions.

136.    Plaintiff's engagement in a protected activity was a contributing factor for Defendants' motivation to take adverse employment actions against Plaintiff.

137.    Defendants acted with malice and reckless disregard for Plaintiff's rights in causing Plaintiff's injuries.

138.    Defendants' actions were a substantial factor in causing this harm.

139.    As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer emotional distress, substantial losses in salary, and other special and general damages to be ascertained according to proof.

140.    Plaintiff also prays for reasonable costs and attorney fees, as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and the Plaintiff Class, and all others similarly situated, pray for relief and judgment against Defendants as follows:

CLASS CERTIFICATION

A.    The first, second, third, fourth, fifth, and sixth causes of action be certified as a class action.

B.    PLAINTIFF be certified as the representative of the class.

C.    Counsel for PLAINTIFF be confirmed as class counsel.

ON ALL CAUSES OF ACTION

D.    For an Order finding and declaring that Defendants' acts and practices as described herein are unlawful;

E.    For an Order of restitution in an amount equal to the unpaid wages, expenditures, and losses of Plaintiff and the Plaintiff Class in an amount to be determined at trial;

F.    For an Order permanently enjoining Defendants acts and practices described herein;

- 20 -
**COMPLAINT FOR DAMAGES**

G.    For compensatory damages against Defendants to be paid to the Plaintiff and Plaintiff class, including all wages, expenditures, and losses owed under California law;

H.    For all special damages in an amount to be proven at trial;

I.    For all general damages in an amount to be proven at trial;

J.    For interest and prejudgment interest on the above amounts as allowed by Labor Code § 1194 and California Civil Code § 3287;

K.    For all appropriate penalties;

L.    For reasonable attorney's fees and costs, pursuant to the Labor Code and Code of Civil Procedure;

M.    For waiting time penalties pursuant to Labor Code § 200-203;

N.    For Liquated Damages pursuant to Labor Code § 1194.2;

O.    For all costs of suit, damages and equitable relief;

P.    For such other relief as the Court deems just and proper.


Dated: May 25, 2018                          STRICKLAND LAW GROUP


                                    By:    _____
                                           ROBERT C. STRICKLAND, ESQ.
                                           Attorney for Plaintiffs
                                           ROSAURA HERNANDEZ

**COMPLAINT FOR DAMAGES**

# Exhibit B-3
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert C. Strickland (SBN: 243757)<br>Strickland Law Group<br>1372 N. McDowell Blvd., Suite J<br>Petaluma, CA 94954<br>TELEPHONE NO.: 707-347-9123    FAX NO.: 707-347-9123<br>ATTORNEY FOR *(Name):* ROSAURA HERNANDEZ | **ENDORSED FILED**<br><br>**MAY 2 5 2018**<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SONOMA**
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS: 600 Administration Drive, Room 107J
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME: Civil

CASE NAME:
ROSAURA HERNANDEZ v. HEALDSBURG DITRICT HOSPITAL

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | SCV-262529 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case ☑ is ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 25, 2018

Robert C. Strickland
_____
(TYPE OR PRINT NAME)    ▶ *(signature)*    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# Exhibit B-4
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov<br><br>Hernandez vs Healdsburg District Hospital | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br><br>MAY 2 5 2018<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-262529 |

### A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
### AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. Rene A Chouteau FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

A Case Management Conference has been set at the time and place indicated below:

| Date: 09/25/2018 Time: 3:00 PM Courtroom 18 |
|---|
| Location: Civil and Family Law Courthouse<br>3055 Cleveland Avenue<br>1st Floor<br>Santa Rosa, CA 95403 CALENDARED |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

## Exhibit B-5
Rosaura Hernandez v. Healdsburg District Hospital, et al.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Robert C. Strickland, 243757<br>Strickland Law Group<br>1372 N. McDowell Blvd. , Suite J<br>Petaluma, CA 94954<br>TELEPHONE NO.: (707)347-9123 Ext 700<br>ATTORNEY FOR (Name) Plaintiff | **FILED**<br>JUN - 5 2018<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA<br>By _____ AA<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Sonoma County<br>600 Administration Dr.<br>Santa Rosa, CA 95403-2818 |

| PLAINTIFF/PETITIONER: Rosaura Hernandez | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Healdsburg District Hospital, et al. | SCV-262529 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.<br>None |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Complaint, Civil Case Cover Sheet, Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Cause, Summons

3. a. Party served: Healdsburg District Hospital (unknown business entity)

   b Person Served: Susan L. Campbell, Board Chair - Person Authorized to Accept Service of Process

4. Address where the party was served: 1375 University Ave.
   Healdsburg, CA 95448

5. I served the party
   b. by substituted service. On (date): 05/31/2018    at (time): 1:07PM    I left the documents listed in item 2 with or in the presence of: Joe Herrington- Head of Admin - Person In Charge Of Office
   (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   Healdsburg District Hospital (unknown business entity)

   under.    Other: Business Organization Form Unknown

7. Person who served papers
   a. Name:    Tyler Robin Rupiper
   b. Address:    One Legal - 194-Marin
        504 Redwood Blvd #223
        Novato, CA 94947
   c. Telephone number: 415-491-0606
   d The fee for service was: $ 126.50
   e. I am:
      (3) registered California process server.
        (i) Employee or independent contractor
        (ii) Registration No. P-000533
        (iii) County Sonoma

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 06/01/2018

Tyler Robin Rupiper
(NAME OF PERSON WHO SERVED PAPERS)           (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 12017475

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*
Robert C. Strickland, 243757
Strickland Law Group
1372 N. McDowell Blvd.
Petaluma, CA 94954
ATTORNEY FOR *(Name)* Plaintiff

TELEPHONE NO
(707)347-9123 Ext 700

Ref No. or File No
None

Insert name of court, judicial district or branch court, if any
Sonoma
600 Administration Dr.
Santa Rosa, CA 95403-2818

PLAINTIFF
Rosaura Hernandez

DEFENDANT
Healdsburg District Hospital, et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER SCV-262529 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd., Suite 223 Novato, CA 94947.

On 06/01/2018, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the

Complaint, Civil Case Cover Sheet, Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Cause, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

Healdsburg District Hospital (unknown business entity)

Susan L. Campbell, Board Chair

1375 University Ave.

Healdsburg, CA 95448

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 126.50

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 06/01/2018 at Los Angeles, California.

One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

Venus Boone

OL# 12017475

# Exhibit B-6
Rosaura Hernandez v. Healdsburg District Hospital, et al.

1  Ross B. Jones, Esq. SBN 120593
   MERRILL, ARNONE & JONES, LLP
2  3554 Round Barn Boulevard, Suite 303
   Santa Rosa, California 95403
3  Telephone: (707) 528-2882

4  Attorneys for Defendant
   North Sonoma County Healthcare District, sued as
5  Healdsburg District Hospital

**ENDORSED FILED**

JUN 21 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

L&M TENTATIVE RULINGS are
available after 2:00 p.m. on the court
day prior to the scheduled hearing:
http://www.SonomaSuperiorCourt.com
OR (707) 521-6725

6              **SUPERIOR COURT OF CALIFORNIA**

7                  **COUNTY OF SONOMA**

8

9  ROSAURA HERNANDEZ,                    CASE NO. SCV-262529

10          Plaintiff,                   **NOTICE OF HEARING ON**
                                         **DEMURRER OF DEFENDANT'S TO**
11      vs.                              **COMPLAINT OF ROSAURA**
                                         **HERNANDEZ**
12  HEALDSBURG DISTRICT HOSPITAL
    And Does 1-100, inclusive,           UNLIMITED CIVIL CASE
13
            Defendant.                   Hearing Date/time: AUG 2 2 2018
14  _____/           Dept: 18            2:00 P

15

16  **TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

17          YOU ARE HEREBY NOTIFIED THAT on AUG 2 2 2018, 2018 at 2:00 or as soon

18  thereafter as the matter may be heard in Department 18, of this Court, located at 3055

19  Cleveland Ave., 1st Floor, Santa Rosa, California, the Demurrer of Defendant, North Sonoma

20  County Healthcare District, sued as Healdsburg District Hospital to Plaintiff, Rosaura

21  Hernandez' Complaint, filed on May 25, 2018, will be heard.

22          The Demurrer is based on the Points and Authorities and Request for Judicial Notice

23  filed with this Notice, the files and records in this action, and any further evidence and

24  argument that Court may receive at or before the hearing.

25                                       MERRILL, ARNONE & JONES, LLP

26  Date: June 21 , 2018                 _____
                                         Ross B. Jones, Esq., Attorneys for Defendant
27                                       North Sonoma County Healthcare District, sued
                                         as Healdsburg District Hospital
28

1

# Exhibit B-7
Rosaura Hernandez v. Healdsburg District Hospital, et al.

ENDORSED
FILED

JUN 21 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1   Ross B. Jones, Esq. SBN 120593
    MERRILL, ARNONE & JONES, LLP
2   3554 Round Barn Boulevard, Suite 303
    Santa Rosa, California 95403
3   Telephone: (707) 528-2882

4   Attorneys for Defendant:
    North Sonoma County Healthcare District, sued as
5   Healdsburg District Hospital

6

7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

9

10

11  ROSAURA HERNANDEZ,                    CASE NO. SCV-262529

            Plaintiff,                    **DEFENDANT'S DEMURRER TO**
12                                        **COMPLAINT OF PLAINTIFF**
            vs.                           **ROSAURA HERNANDEZ' (CCP**
13                                        **§430.10)**

14  HEALDSBURG DISTRICT HOSPITAL
    And Does 1-100, inclusive,           UNLIMITED CIVIL CASE

15          Defendants.                   Hearing Date/time: AUG 2 2 2018
                                          Dept: 18              8:00pm
16  _____/

17  **TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

18          Defendant, North Sonoma County Healthcare District, sued as

19  Healdsburg District Hospital ("District"), demurs generally to the First, Second, Third,

20  Fouth, Fifth and Sixth Causes of Action of the Complaint on the following grounds:

21

22          **Demurrer to First Cause of Action**

23          The First Cause of Action "Failure to Allow for Rest Periods" fails to state facts

24  sufficient to constitute a cause of action.

25          The First Cause of Action fails to state facts sufficient to constitute a cause of

26  action because it shows on its face, and on facts subject to judicial notice, that District

27  is a public entity exempt as a matter of law from application of the laws allegedly

28  violated by District.

                                    1
    DEFENDANT'S DEMURRER TO COMPLAINT OF PLAINTIFF ROSAURA HERNANDEZ' (CCP §430.10)

1                     **Demurrer to Second Cause of Action**

2       The Second Cause of Action, Failure to Allow Meal Periods fails to state facts

3 sufficient to constitute a cause of action.

4       The Second Cause of Action fails to state facts sufficient to constitute a cause of

5 action because it shows on its face, and on facts subject to judicial notice, that the

6 District is a public entity exempt as a matter of law from application of the laws

7 allegedly violated by District.

8                     **Demurrer to Third Cause of Action**

9       The Third Cause of Action, Failure to Pay Overtime Wages fails to state facts

10 sufficient to constitute a cause of action.

11       The Third Cause of Action fails to state facts sufficient to constitute a cause of

12 action because it shows on its face, and on facts subject to judicial notice, that the

13 District is a public entity exempt as a matter of law from application of the laws

14 allegedly violated by District.

15                    **Demurrer to Fourth Cause of Action**

16       The Fourth Cause of Action, Failure to Timely Furnish Accurate Itemized Wage

17 Statement fails to state facts sufficient to constitute a cause of action.

18       The Fourth Cause of Action fails to state facts sufficient to constitute a cause of

19 action because it shows on its face, and on facts subject to judicial notice, that the

20 District is a public entity exempt as a matter of law from application of the laws

21 allegedly violated by District.

22                     **Demurrer to Fifth Cause of Action**

23       The Fifth Cause of Action, Failure to Timely Pay Wages Due to Former

24 Employees Upon Separation fails to state facts sufficient to constitute a cause of action.

25       The Fifth Cause of Action fails to state facts sufficient to constitute a cause of

26 action because it shows on its face, and on facts subject to judicial notice, that the

27 District is a public entity exempt as a matter of law from application of the laws

28 allegedly violated by District.

2

1

**Demurrer to Sixth Cause of Action**

2   The Sixth Cause of Action, Violation of California Business & Profession Code

3 §17200, et seq., fails to state facts sufficient to constitute a cause of action.

4   The Sixth Cause of Action fails to state facts sufficient to constitute a cause of

5 action because it shows on its face, and on facts subject to judicial notice, that the

6 District is a public entity exempt as a matter of law from application of the laws

7 allegedly violated by District.

8

9        MERRILL, ARNONE & JONES, LLP

10

11

12 Date: June 21 , 2018

13        Ross B. Jones, Esq., Attorneys for Defendant
         North Sonoma County Healthcare District,

14        sued as Healdsburg District Hospital

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S DEMURRER TO COMPLAINT OF PLAINTIFF ROSAURA HERNANDEZ' (CCP §430.10)

# Exhibit B-8
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

1    Ross B. Jones, Esq. SBN 120593
2    MERRILL, ARNONE & JONES, LLP
     3554 Round Barn Boulevard, Suite 303
3    Santa Rosa, California 95403
     Telephone: (707) 528-2882

4    Attorneys for Defendant
     North Sonoma County Healthcare District, sued as
5    Healdsburg District Hospital

ENDORSED
FILED

JUN 2 1 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6

7

8                SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF SONOMA

10

11   ROSAURA HERNANDEZ,                    CASE NO. SCV-262529

12           Plaintiff,                    **DEFENDANT'S POINTS AND**
13                                         **AUTHORITIES IN SUPPORT OF**
                                           **DEMURRER OF PLAINTIFF**
     vs.                                   **ROSAURA HERNANDEZ'**
14                                         **COMPLAINT**
     HEALDSBURG DISTRICT HOSPITAL
15   And Does 1-100, inclusive,            UNLIMITED CIVIL CASE

16           Defendants.                   Hearing Date/time:   AUG 2 2 2018
17   _____/    Dept: 18            2:00 pm

18

19

20                      **I.  INTRODUCTION**

21          Defendant is a public entity; it is exempt from the laws that form the basis of

22   Plaintiff's First through Sixth Causes of Action.  Those causes of action, styled as a

23   class action, should be dismissed with prejudice.

24          **II. FACTUAL AND PROCEDURAL BACKGROUND**

25          The Complaint alleges on information and belief that Defendant "Healdsburg

26   District Hospital" is a California corporation.  Complaint, ¶ 6.  No such corporation

27   exists.  Healdsburg District Hospital is operated by the North Sonoma County

28                                    1

DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER OF PLAINTIFF ROSAURA HERNANDEZ'
COMPLAINT

1    Healthcare District, a special district formed pursuant to Health & Safety Code §32000

2    et. seq.  See Request for Judicial Notice filed herewith, **Exhibits A and B**.

3         The Complaint's First, Second and Third Causes of Action allege violations of

4    California Wage Order 5 --dealing with meal periods, rest periods, and overtime wages.

5    The Fourth Cause of Action alleges failure to furnish accurate wage statements, in

6    violation of Labor Code §226.  The Fifth Cause of Action alleges failure to pay wages

7    due on termination, in violation of Labor Code §§201, 202, and §203.  The Sixth Cause

8    of Action alleges that the above wage and hour violations constitute unfair competition

9    under Business and Professions Code §17200.

10                    **III.    LEGAL ARGUMENT**

11    **BECAUSE SPECIAL DISTRICTS ARE PUBLIC ENTITIES AND EXEMPT FROM**
     **WAGE LAWS, THE FIRST THROUGH SIXTH CAUSES OF ACTION SHOULD**
12    **BE DISMISSED WITH PREJUDICE.**

13         **A.    Healdsburg District Hospital is operated by the North Sonoma**
14    **County Healthcare District.**

15         While allegations in a Complaint are normally accepted as true for purposes of a

16    demurrer, they "are not accepted as true if they contradict or are inconsistent with facts

17    judicially noticed by the court." *Weil & Brown*, Civ. Proc. Before Trial, §7:46, p. 7(I)-

18    25; *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1474.  The Court is

19    specifically authorized in ruling on a demurrer to consider any matter which may or

20    must be judicially noticed. CCP §430.30(a).

21         As described in the Request for Judicial Notice filed herewith, Healdsburg

22    District Hospital is not a separate legal entity; it is a hospital operated by the North

23    Sonoma County Healthcare District.  This Court can take judicial notice of the fact that

24    Plaintiff misidentified the Defendant's legal name and entity status when ruling on a

25    demurrer. *Ibid.*

26    ////

27

28                              2

1

    **B.**    **Public Entities are Exempt from Wage Orders Dealing with Rest**

2  **Periods, Meal Periods, and Overtime Wages.**

3        The Labor Code Sections and Wage Orders dealing with meal periods, rest

4 periods and overtime wages do not apply to public entities. *Johnson v. Arvin-Edison*

5 *Water Storage Dist.* (2009) 174 Cal.App.4th 729, 733; *California Correctional Peace*

6 *Officers' Assn. v. State of California* (2010) 188 Cal.App.4th 646; 652: "Unless Labor

7 Code provisions are specifically made applicable to public employers, they only apply

8 to employers in the private sector.  Since §512 does not expressly apply to public

9 entities, it is not applicable here.  Further, applying §512 to the District would infringe

10 on its sovereign power to regulate its workforce." *Ibid.* (citing *Johnson,* at 733).

11        The California Supreme Court states: "A traditional rule of statutory

12 construction is that, absent express words to the contrary, governmental agencies are

13 not included within the general words of a statute." *Wells v. One2One Learning*

14 *Foundation* (2006) 39 Cal.4th. 1164,1192.  More specifically, the Supreme Court

15 reiterated the legislative rule that "provisions of the Labor Code apply only to

16 employees in the private sector unless they are specifically made applicable to public

17 employees." *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311,

18 330.

19        Because Labor Code §226.7 and §510 do not explicitly apply to public

20 employers, they govern only employers in the private sector. *Calif. Correctio*nal, supra,

21 188 Cal.App. 4th at 651-652.  The Department of Industrial Relations, the agency

22 charged with enforcing wage and hour laws, confirms on its own website that public

23 entities are exempt from Wage Order sections dealing with overtime, meal and rest

24 break periods. https://www.dir.ca.gov/dlse/FAQ_OvertimeExemptions.htm:

25 "Employees directly employed by the State or any political subdivision thereof,

26 including any city, county or special district" are exempt from wage Orders, including

27 sections 3 (overtime), 11(meal periods) and 12 (rest periods).

28

                                       3

1    Because the Labor Code sections and Wage Orders do not apply to public

2    entities such as the District, the First Cause of Action (rest periods), Second Cause of

3    Action (meal periods) and Third Cause of Action (overtime wages) should be dismissed

4    with prejudice.

5    ### C.    Public Entities are Exempt from Labor Code §226.

6

7    The Fourth Cause of Action seeks class status for alleged failure to provide wage

8    statements is "violation of Labor Code §226." Complaint, ¶¶97-100. However, that

9    statute explicitly states that it "does not apply to the state, to any city, county, city and

10   County, district, or to any other governmental entity[.]" Labor Code §226(i). Because

11   the District is exempt on its face from the requirements of Labor Code §226, the

12   demurrer to the Fourth Cause of Action should be dismissed with prejudice.

13   ### D.    Public Entities are Exempt from Labor Code Sections 201, 202 and

14            203.

15   The Fifth Cause of Action seeks class status for waiting time penalties under

16   Labor Code §203, based on the District's alleged failure to pay wages on separation of

17   employment. See Complaint, ¶¶101-106. Again, the District is exempt. Labor Code

18   §220(b): "Sections 200 to 211, inclusive, and Sections 215 to 219, inclusive, do not

19   apply to the payment of wages of employees directly employed by any county,

20   incorporated city, or town or other municipal corporation." California case law

21   specifically holds that a hospital district is exempt from Labor Code §203 waiting time

22   penalties, because a hospital district is a "other municipal corporation" under Labor

23   Code §220(b). *Division of Labor Law Enforcement v. El Camino Hosp. Dist.* (1970) 8

24   Cal. App. 3d Supp. 30, 36.

25   The Fifth Cause of Action should be dismissed with prejudice, since the District

26   is exempt from the requirements of Labor Code §203.

27

28                                         4

**E.    Because the Sixth Cause of Action for Unfair Competition is Based Entirely on the First through Fifth Causes of Actions Invalid Wage and Hour Claims, No Unfair Competition Claim Exists.**

The Sixth Cause of Action for unfair competition (violations of B& P Code §17200) is based entirely on the District's alleged "employment and wage violations alleged heretofore." Complaint, ¶108. The UCL statute "borrows violations of other laws-- such as the state antidiscrimination laws-- and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.* (1999) 69 Cal. App. 4th, 1494, 1505. Where the underlying conduct does not constitute a violation of those other laws, UCL claims do not exist because they fail to state a claim for violation of the underlying statutes. *Ibid*, at 1505-1506: "A business practice cannot be unfair if it is permitted by law."

Because none of the District's alleged conduct in the Complaint violates California's Wage Laws, no claim can be made under the UCL statute. Therefore, the Sixth Cause of Action should be dismissed with prejudice.

## IV.  CONCLUSION

Plaintiff erroneously sued the District as if it were a private employer. None of the wage violations alleged in the Complaint apply to public entities such as the District. Thus, the First through Sixth Causes of Action should be dismissed with prejudice.

MERRILL, ARNONE & JONES, LLP

Date: June 21 , 2018

_____
Ross B. Jones, Esq., Attorneys for Defendant
North Sonoma County Healthcare District,
sued as Healdsburg District Hospital

5

# Exhibit B-9

Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

<table>
<tr><td>1</td><td>Ross B. Jones, Esq. SBN 120593<br>MERRILL, ARNONE & JONES, LLP</td></tr>
</table>

1  Ross B. Jones, Esq. SBN 120593
    MERRILL, ARNONE & JONES, LLP

2  3554 Round Barn Boulevard, Suite 303
    Santa Rosa, California 95403

3  Telephone: (707) 528-2882

4  Attorneys for Defendant
    North Sonoma County Healthcare District sued as

5  Healdsburg District Hospital

**ENDORSED**
**FILED**

JUN 2 1 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6

7

8

9                 SUPERIOR COURT OF CALIFORNIA

10                    COUNTY OF SONOMA

11

12  ROSAURA HERNANDEZ,               CASE NO. SCV-262529

13         Plaintiff,            **REQUEST FOR JUDICIAL**
                               **NOTICE**

14      vs.
                           Evidence Code §452

15  HEALDSBURG DISTRICT HOSPITAL
    And Does 1-100, inclusive,        UNLIMITED CIVIL CASE

16

17         Defendants.          Hearing Date/Time: AUG 2 2 2018
                        /    Dept.: 18       3:00 pm

18

19      **TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

20      Defendant North Sonoma County Healthcare District, sued as

Healdsburg District Hospital, requests through its attorney of record that the Court take

Judicial Notice pursuant to Evidence Code §452 of the following:

23

24      1)    Healdsburg District Hospital is operated by the North Sonoma County

                 Healthcare District.

25

26      2)    The North Sonoma County Healthcare District is a local healthcare

                 district under Calif. Health & Safety Code section 32000 et. seq.

27

28      3)    Healdsburg District Hospital is not a California corporation.

REQUEST FOR JUDICIAL NOTICE

1        Attached to this request as **Exhibit A** is a true and correct copy of the California

2    Department of Public Health--Facilities license information for Healdsburg District

3    Hospital, showing the Licensee as "North Sonoma County Healthcare District," and the

4    Licensee type as a "Health Care District."

5    http://hfcis.cdph.ca.gov/LongTermCare/Facility.aspx?fac=110000009 (accessed from

6    the Department website on June 19, 2018).

7        Attached to this request as **Exhibit B** is a true and correct copy of the California

8    Secretary of State Business search result for a corporation named Healdsburg District

9    Hospital, showing no corporation by that name.

10    https://businesssearch.sos.ca.gov/CBS/SearchResults?SearchType=CORP&SearchCrite

11    ria=healsburg+district+hospital&SearchSubType=Keyword. (accessed from the

12    Secretary of State website on June 19, 2018).

13        The matters requested to be noticed are relevant to the Defendant's Demurrer to

14    Complaint, in that supports Defendant's claim that as a special district it is exempt from

15    the wage laws alleged to have been violated by Defendant.

16

17                                       MERRILL, ARNONE & JONES, LLP

18

19

20    Date: June 4 , 2018    _____

21                                     Ross B. Jones, Esq., Attorneys for Defendant

22                                     North Sonoma County Healthcare District,
                                 sued as Healdsburg District Hospital

23

24

25

26

27

28

EXHIBIT A

**HEALDSBURG DISTRICT HOSPITAL**
1375 University St Healdsburg,
CA 95448



Google
(https://maps.google.com/maps?ll=38.628032,-122.864325&z=13&t=m&hl=en-US&gl=US&mapclient=apiv3)  Report a map error (https://www.google.com/maps/@38.6280317,-122.8643251,13z/data=!10m1!1e1!12b1?source=apiv3)

Facility ID: 110000009                                       Register Complaint (ConsumerComplaint.aspx?fac=1

# Healdsburg District Hospital

Other previous Names(s) known as:

    Healdsburg General Hospital

    Columbia Healdsburg General Hospital

1375 University St
Healdsburg, Ca  95448

County:           Sonoma
Phone:            (707) 431-6500
Fax:              (707) 431-6588

Please contact the following Licensing and Certification office for any questions and/or concerns:

Santa Rosa/Redwood Coast District Office
2170 Northpoint Parkway
Santa Rosa, CA. 95407
Phone Number: (707) 576-6775

Licensee:             North Sonoma County Healthcare District
                         1375 University Ave.
                         Healdsburg, Ca 95448

Licensee Type:                Health Care District
License Number:             110000019
License Status:              Active
License Category:           General Acute Care Hospital
License Effective Date:      4/1/2018
Expiration Date:            3/31/2019
Total Bed Capacity:         43

Bed Classification/Services:

    26 General Acute Care

    17 Skilled Nursing (D/P)

Other Approved Services:

    Mobile Unit - Mri

    Outpatient Services - Behavioral Health Clinic - Occupational And Speech Therapy

    Outpatient Services - Draw Station

    Outpatient Services - Family Medicine Or Family Health Clinic - Medical Services

    Outpatient Services - Occupational Medicine Clinic

    Outpatient Services - Physical Therapy Clinic

Outpatient Services - Primary Care Clinic - ... al Medicine And Obstetrics
Outpatient Services - Radiation Therapy Clinic - Mammography / Dexa
Outpatient Services - Rehabilitation Clinic – Physical, Occupational, Or Speech Therapy - Pt / Ot / Speech Therapy
Outpatient Services - Wound Care
Physical Therapy
Respiratory Care Services
Standby Emergency Medical Services


View Language Assistance Policy 🔲


This Hospital deemed (/FAQ/Hospital.aspx#deemed) by Joint Commission


View Federal Statement of Deficiencies With Plan of Correction (details/HospitalPOC.aspx?fac=110000009)


# YEAR: 2016

| | | |
|---|---|---|
| 8 | Complaints | Complaints (details/Complaint.aspx?fac=1 |
| 1 | Facility Self-Reported Incidents | Facility Self-Reported Incidents (details/EntityReported.aspx?fac=1 |
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 43 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

# YEAR: 2015

| | | |
|---|---|---|
| 6 | Complaints | Complaints (details/Complaint.aspx?fac=1 |
| 1 | Facility Self-Reported Incidents | Facility Self-Reported Incidents (details/EntityReported.aspx?fac=1 |
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 4 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

# YEAR: 2014

| | | |
|---|---|---|
| 2 | Complaints | Complaints (details/Complaint.aspx?fac=1 |
| 0 | Facility Self-Reported Incidents | Facility Self-Reported Incidents (details/EntityReported.aspx?fac=1 |
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 0 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

# YEAR: 2013

| | | |
|---|---|---|
| 0 | Complaints | Complaints (details/Complaint.aspx?fac=1 |
| 8 | Facility Self-Reported Incidents | Facility Self-Reported Incidents (details/EntityReported.aspx?fac=1 |
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 26 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

# YEAR: 2012

| | | |
|---|---|---|
| 29 | Complaints | Complaints (details/Complaint.aspx?fac=1 |
| 9 | Facility Self-Reported Incidents | Facility Self-Reported Incidents (details/EntityReported.aspx?fac=1 |
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 57 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

# YEAR: 2011

| | | |
|---|---|---|
| 1 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 8 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

# YEAR: 2010

6/19/2018                                          Facility Information

| | | |
|---|---|---|
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 6 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

## YEAR: 2009

| | | |
|---|---|---|
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 6 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

## YEAR: 2008

| | | |
|---|---|---|
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 1 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

## YEAR: 2005

| | | |
|---|---|---|
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 1 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

## YEAR: 2004

| | | |
|---|---|---|
| 0 | State Enforcement Actions | Enforcement Actions (details/stateEnforcementAction.aspx?fac=1 |
| 1 | Survey Deficiencies | Survey Deficiencies (details/deficiencies.aspx?fac=1 |

7/19/2013                     Schmid, Nancy G
to Present                    Relationship to Facility: Administrator

7/29/2013                     Spoelma, Susan G
to Present                    Relationship to Facility: Director Of Nursing

2/7/2005                      Evans, Maralee
to Present                    Relationship to Facility: Director Of Nursing

To request additional ownership information about this facility, please click the ownership name below.

4/1/2002                      North Sonoma County Healthcare District (../EntityReport.aspx?fac=110000009&n=North Sonoma County Healthcare District)
to Present                    Relationship to Facility: Licensee

None found

9/25/2015                     Lee Campbell, Susan
to Present                    Relationship to Facility: Board Of Directors

4/1/2002                      Air, Jack
to Present                    Relationship to Facility: Board Of Directors

4/1/2002                      Hahn, Kurt
to Present                    Relationship to Facility: Board Of Directors

4/1/2002                      Polesky M.D., Herbert F
to Present                    Relationship to Facility: Board Of Directors

4/1/2002                      Smith, Marjorie I
to Present                    Relationship to Facility: Board Of Directors

4/1/2002                      Ziedrich, Eric A
to Present                    Relationship to Facility: Board Of Directors

# EXHIBIT B

**Alex Padilla**
**California Secretary of State**

 # Business Search - Results

The California Business Search is updated daily and reflects work processed through Monday, June 18, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

- Select an entity name below to view additional information. Results are listed alphabetically in ascending order by entity name, or you can select a column title to change the sort order.
- To refine the search results, enter a word or a string of words in the "Narrow search results" box. The "Narrow search results" will search on all fields of the initial search results.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on requesting a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Results of search for Corporation Name keyword "healdsburg district hospital" returned 0 entity records (out of 0 records found).

Show    10    ▾   entities per page

Narrow search results:

| Entity Number | | Registration Date | | Status | | Entity Name | | Jurisdiction | | Agent for Service of Process | |
|---|---|---|---|---|---|---|---|---|---|---|---|

No matching entities found

Showing 0 to 0 of 0 entities

Previous        Next

**Modify Search**        **New Search**

# Exhibit B-10
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>sonoma.courts.ca.gov | (Court Use Only)<br><br>ENDORSED<br>FILED<br>JUN 2 1 2018<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| Hernandez vs North Sonoma County Healthcare District | |
| **NOTICE OF INFORMAL CONFERENCE AND SANCTIONS**<br>**CCP §177.5** | **Case Number: SCV-262529** |

**Hearing Date:** 08/22/2018 at 3:00 PM in Courtroom 18 at Civil and Family Law Courthouse
3055 Cleveland Avenue
1st Floor
Santa Rosa, CA 95403

The Court orders all moving and responding parties and attorneys to meet and confer in person or by telephone in a reasonable and good faith attempt to informally resolve the contested demurrer/motion; that the moving party serve a copy of this notice on responding parties at the same time as the moving papers and file a proof of service thereof; and that the moving party shall either notify the Court of the informal resolution or file a declaration re meet and confer at least two (2) courts days before the hearing.

Sanctions will be imposed against the unsuccessful party(s) that makes or opposes the demurrer/motion at the same hearing, unless the Court finds there was good cause for the contested demurrer/motion.

It is so ordered.

RENÉ AUGUSTE CHOUTEAU

Date: 6/21/2018

_____
Judge of the Superior Court

# Exhibit B-11
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

1   Ross B. Jones, Esq. SBN 120593
    MERRILL, ARNONE & JONES, LLP
2   3554 Round Barn Boulevard, Suite 303
    Santa Rosa, California 95403
3   Telephone: (707) 528-2882

4   Attorneys for Defendant
    North Sonoma County Healthcare District, sued as
5   Healdsburg District Hospital

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                        COUNTY OF SONOMA

11

12

13   ROSAURA HERNANDEZ,                    CASE NO. SCV-262529

14           Plaintiff,                    **PROOF OF SERVICE -
                                           DEMURRER**
15       vs.

16   HEALDSBURG DISTRICT HOSPITAL          UNLIMITED CIVIL CASE
     And Does 1-100, inclusive,
17
             Defendants.
18   _____/

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**ENDORSED
FILED**

**JUN 2 2 2018**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

I, the undersigned, declare:

I am employed in the County of Sonoma, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 3554 Round Barn Boulevard, Suite 303, Santa Rosa, California 95403.

On the date stated below, I caused to be served in the manner indicated the foregoing:

Defendant's Notice of Hearing on Demurrer; Demurrer, Points & Authorities, Request for Judicial Notice and [Proposed] Order.

on the parties involved addressed as follows:

Robert C. Strickland
Strickland Law Group
1372 N. McDowell Blvd,, Ste. J
Petaluma, CA 94954
Telephone: (707) 347-9123
Email: Robert@Stricklandlawyers.com

[ X ]  **BY MAIL** on the party(ies) listed above in said action, in accordance with CCP § 1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above. In the ordinary course of business at the Law Offices of Merrill, Arnone & Jones, LLP, mail placed in that designated area is given the correct amount of postage, and is deposited that same day in a United States mailbox in the city of Santa Rosa, California.

[  ]  **BY PERSONAL DELIVERY** of a true and correct copy thereof, in accordance with CCP §1011, to the person(s) and at the address(es) set forth above.

[  ]  **BY FACSIMILE** transmission, in accordance with CCP § 1013(e), to the party(ies) at the facsimile number(s) set forth above.

[  ]  **BY E-MAIL OR ELECTRONIC TRANSMISSION.** I caused the documents to be sent to the person(s) at the email address(es) set forth above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[  ]  **BY OVERNIGHT DELIVERY** on the party(ies) set forth above in said action, in accordance with CCP § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a designated area for outgoing overnight mail, addressed as set forth above. In the ordinary course of business at the Law Offices of Merrill, Arnone & Jones, LLP, mail placed in that designated area is picked up that same day for delivery the following business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 21, 2018, at Santa Rosa, California.

Espe Gunheim

PROOF OF SERVICE

**Exhibit B-12**
Rosaura Hernandez v. Healdsburg District Hospital, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
DEMURRER FACILITATOR PROGRAM
600 Administration Drive, Room 107J
Santa Rosa, California 95403
www.sonoma.courts.ca.gov
(707) 521-6500

**FILED**

June 26, 2018
Clerk of the Superior Court of California
County of Sonoma

By *Cynthia Gaddie*

Cynthia Gaddie, Deputy Clerk

PLAINTIFF: ROSAURA HERNANDEZ

DEFENDANT: NORTH SONOMA COUNTY HEALTHCARE DISTRICT

**NOTICE AND ORDER RE: INCLUSION IN DEMURRER FACILITATOR PROGRAM**

SCV-262529

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

Either by stipulation or as deemed appropriate by the Court, **IT IS ORDERED** that Defendant North Sonoma County Healthcare District, sued as Healdsburg District Hospital's Demurrer to Complaint of Rosaura Hernandez filed June 21, 2018, and set for hearing on August 22, 2018, at 3:00 p.m., in Courtroom 18, participate in the Demurrer Facilitator Program in accordance with the provisions of Local Rule 4.16.

The following demurrer facilitators have been selected at random pursuant to Local Rule 4.16E(1):

D. Douglas Shureen   50 Santa Rosa Ave., #300   Santa Rosa, CA 95401   (707) 525-5400
Nancy Watson   950 College Avenue   Santa Rosa, CA 95404   (707) 536-1185
Michael G. Watters   3510 Unocal Pl., #200   Santa Rosa, CA 95403   (707) 545-7010

Each side has five (5) calendar days from the date of service of the "Notice and Order Re: Inclusion in Demurrer Facilitator Program" to file a written rejection of no more than one name on the list. A "Notice of Rejection of Demurrer Facilitator" shall be submitted to the Assigned Judge's Judicial assistant in chambers for filing. Local Rule 4.16E(2). ✓Done rejected Nancy Watson see work folder

If each side rejects the maximum number of names permitted, the single remaining facilitator will be deemed appointed. If at the end of five (5) calendar days from the date hereof, two (2) or more names remain on the list, one of the remaining names will be selected at random.

**NOTE:** Code of Civil Procedure section 1013 shall apply to all notices served pursuant to this rule.

Date: June 26, 2018


**E-MAILED**

**SCANNED**
RBJ / Espe
7-2-18

_____
Judge of the Superior Court

SCV-262529

PROOF OF SERVICE BY MAIL

     I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, California, 95403; that I am not a party to this case; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the attached Notice and Order Re: Inclusion in Demurrer Facilitator Program in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date: June 26, 2018

                           Arlene D. Junior
                           Court Executive Officer


                         By: *Cynthia Gaddie*
                         Cynthia Gaddie, Deputy Clerk


-ADDRESSEES-

Robert Close Strickland
Strickland Law Group
1372 N McDowell Blvd Suite J
Petaluma Ca  94954

Ross B Jones
Merrill Arnone & Jones LLP
3554 Round Barn Blvd Ste 303
Santa Rosa Ca  95403

MERRILL, ARNONE
AND JONES, LLP

JUN 2 9 2018

# Exhibit B-13
Rosaura Hernandez v. Healdsburg District Hospital, et al.

1  | Ross B. Jones, Esq. SBN 120593
2  | MERRILL, ARNONE & JONES, LLP
   | 3554 Round Barn Boulevard, Suite 303
3  | Santa Rosa, California 95403
   | Telephone: (707) 528-2882

**ENDORSED
FILED**

JUL 03 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

4

5  | Attorneys for Defendant
   | North Sonoma County Healthcare District, sued as
6  | Healdsburg District Hospital or Defendant

7

8  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  | **COUNTY OF SONOMA**

10 | ROSAURA HERNANDEZ,                    CASE NO. SCV-262529

11 |          Plaintiff,                  *UNLIMITED CIVIL CASE*

12 |     vs.

13 | HEALDSBURG DISTRICT HOSPITAL          **NOTICE OF REJECTION OF**
   | And Does 1-100, inclusive,            **DEMURRER FACILITATOR**

14

15 |          Defendants.
   | _____/

16 |                                      One Judge for All Purposes:
   |                                      The Hon. Rene Auguste Chouteau
17

18 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19 |          PLEASE TAKE NOTICE that pursuant to Local Rule 4.16E(2), Defendant

20 | NORTH SONOMA COUNTY HEALTHCARE DISTRICT hereby rejects Nancy

21 | Watson. as a Demurrer Facilitator in the above-referenced matter.

22 | Dated: July 3, 2018                   MERRILL, ARNONE & JONES, LLP

23

24

25 |                                      By: _____
26 |                                          Ross B. Jones, Attorneys for Defendant
   |                                          North Sonoma County Healthcare
27 |                                          District

28

---

1

**NOTICE OF REJECTION OF DEMURRER FACILITATOR**

1                       **PROOF OF SERVICE**

2        I, the undersigned, declare:

3        I am employed in the County of Sonoma, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 3554

4 Round Barn Boulevard, Suite 303, Santa Rosa, California 95403.

5        On the date stated below, I caused to be served in the manner indicated the foregoing:

6

7       **DEFENDANT'S NOTICE OF REJECTION OF DEMURRER FACILITATOR**

8 on the parties involved addressed as follows:

9 Robert C. Strickland
Strickland Law Group

10 1372 N. McDowell Blvd,, Ste. J
Petaluma, CA 94954

11 Telephone: (707) 347-9123
Email: Robert@Stricklandlawyers.com

12

13 **[ X ]**   **BY MAIL** on the party(ies) listed above in said action, in accordance with CCP § 1013(a), by placing a true copy thereof enclosed in a sealed envelope in a

14 designated area for outgoing mail, addressed as set forth above. In the ordinary course of business at the Law Offices of Merrill, Arnone & Jones, LLP, mail

15 placed in that designated area is given the correct amount of postage, and is deposited that same day in a United States mailbox in the city of Santa Rosa,

16 California.

17 **[ ]**   **BY PERSONAL DELIVERY** of a true and correct copy thereof, in accordance with CCP §1011, to the person(s) and at the address(es) set forth above.

18 **[ ]**   **BY FACSIMILE** transmission, in accordance with CCP § 1013(e), to the party(ies) at the facsimile number(s) set forth above.

19 **[ ]**   **BY E-MAIL OR ELECTRONIC TRANSMISSION.** I caused the documents to be sent to the person(s) at the email address(es) set forth above. I did not receive, within a

20 reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21 **[ ]**   **BY OVERNIGHT DELIVERY** on the party(ies) set forth above in said action, in

22 accordance with CCP § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a designated area for outgoing

23 overnight mail, addressed as set forth above. In the ordinary course of business at the Law Offices of Merrill, Arnone & Jones, LLP, mail placed in that designated area is

24 picked up that same day for delivery the following business day.

25        I declare under penalty of perjury under the laws of the State of California that

26 the foregoing is true and correct. Executed on July 3, 2018, at Santa Rosa, California.

27

28                              Kerri Rizzato Sfarzo

## Exhibit B-14
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
DEMURRER FACILITATOR PROGRAM
600 Administration Drive, Room 107J
Santa Rosa, California 95403
(707) 521-6500

**FILED**

July 9, 2018

Clerk of the Superior Court of California
County of Sonoma

By : *Cynthia Gaddie*
Cynthia Gaddie, Deputy Clerk

PLAINTIFF:  ROSAURA HERNANDEZ

DEFENDANT:  NORTH SONOMA COUNTY HEALTHCARE DISTRICT

**NOTICE AND ORDER OF APPOINTMENT OF
DEMURRER FACILITATOR**

SCV-262529

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD, YOU ARE HEREBY NOTIFIED THAT:**

D. DOUGLAS SHUREEN, ESQ.
McMILLAN & SHUREEN
50 SANTA ROSA AVENUE, SUITE 300
SANTA ROSA, CA 95401
Tel: 707-525-5400
Fax: 707-576-7955
doug.shureen@mcmillanshureen.com

has been appointed to preside as the Demurrer Facilitator for Defendant North Sonoma County Healthcare District, sued as Healdsburg District Hospital's Demurrer to Complaint of Rosaura Hernandez filed June 21, 2018, and set for hearing on August 22, 2018, at 3:00 p.m., in Courtroom 18.

The facilitator's attention is called to Sonoma County Superior Court Local Rule 4.16.

Counsel is directed to deliver forthwith to the facilitator copies of their pleadings (complaints, cross-complaints, and answers thereto only) and all papers concerning the demurrer.

The facilitator shall establish the procedures in each case to be utilized by the parties, through telephone conferences, exchange(s) of letters or emails, and/or in-person conferences for discussion and possible resolution of the demurrer.

In the event a resolution of the demurrer is achieved, the facilitator shall notify the court in writing of the disposition and shall serve a copy on all parties, not later than five (5) court days before the scheduled law and motion hearing date.

In the event the parties are unable to resolve the demurrer with the facilitator, the facilitator shall prepare and serve on all parties or their counsel of record a report which contains the following information:  (1) A brief summary of the dispute and contentions of the parties; (2) Any legal or factual analysis made by the facilitator in connection with his/her role in attempting to resolve this dispute; and (3) A statement indicating whether moving and/or opposing parties met and conferred in good faith.  The facilitator shall file such report with the court no later than five (5) court days before the scheduled law and motion hearing date for the demurrer.

Dated: July 9, 2019

*René Auguste Chouteau*

Judge of the Superior Court

NOTICE AND ORDER OF APPOINTMENT OF DEMURRER FACILITATOR Sonoma County Local Court Rule 4.16

SCV-262529

. ROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, California, 95403; that I am not a party to this case; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the attached Notice and Order of Appointment of Demurrer Facilitator in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date:  July 09, 2018

Arlene D. Junior
Court Executive Officer

By: *Cynthia Gaddie*
Cynthia Gaddie, Deputy Clerk

-ADDRESSEES-

Robert Close Strickland
Strickland Law Group
1372 N Mcdowell Blvd Ste J
Petaluma Ca  94954

Ross B Jones
Merrill Arnone & Jones LLP
3554 Round Barn Blvd Ste 303
Santa Rosa Ca  95403

MERRILL, ARNONE
AND JONES, LLP

JUL 13 2018

**Exhibit B-15**
Rosaura Hernandez v. Healdsburg District Hospital, et al.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>DEMURRER FACILITATOR PROGRAM<br>600 Administration Drive, Room 107J<br>Santa Rosa, California 95403<br>(707) 521-6500 | **FILED**<br>July 26, 2018<br>Clerk of the Superior Court of California<br>County of Sonoma<br>By : *Cynthia Gaddie*<br>Cynthia Gaddie, Deputy Clerk |
|---|---|
| **PLAINTIFF:** ROSAURA HERNANDEZ<br><br>**DEFENDANT:** NORTH SONOMA COUNTY HEALTHCARE DISTRICT | |
| **ORDER VACATING APPOINTMENT OF<br>DEMURRER FACILITATOR** | SCV-262529 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED THAT** D. Douglas Shureen has advised the court he is unable to serve as Demurrer Facilitator in the above-entitled matter.

Therefore, the appointment of D. Douglas Shureen as Demurrer Facilitator is vacated.

Dated:  July 26, 2018

_____
JUDGE OF THE SUPERIOR COURT

ORDER VACATING APPOINTMENT OF DEMURRER FACILITATOR   Sonoma County Local Court Rule 4.17

SCV-262529

PROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, California, 95403; that I am not a party to this case; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the attached order Vacating Appointment of Demurrer Facilitator in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date: July 26, 2018

Arlene D. Junior
Court Executive Officer


By: *Cynthia Gaddie*
Cynthia Gaddie, Deputy Clerk


-ADDRESSEES-

Robert Close Strickland
Strickland Law Group
1372 N McDowell Blvd Ste J
Petaluma Ca  94954

D Douglas Shureen
Law Office of D Douglas Shureen
50 Santa Rosa Ave Ste 340
Santa Rosa Ca 95494

Ross B Jones
Merrill Arnone & Jones LLP
3554 Round Barn Blvd Ste 303
Santa Rosa Ca  95403

## Exhibit B-16
Rosaura Hernandez v. Healdsburg District Hospital, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
DEMURRER FACILITATOR PROGRAM
600 Administration Drive, Room 107J
Santa Rosa, California 95403
(707) 521-6500

**FILED**

July 26, 2018

Clerk of the Superior Court of California
County of Sonoma

By : *Cynthia Gaddie*
Cynthia Gaddie, Deputy Clerk

PLAINTIFF:  ROSAURA HERNANDEZ

DEFENDANT:  NORTH SONOMA COUNTY HEALTHCARE DISTRICT

**NOTICE AND ORDER OF APPOINTMENT OF
DEMURRER FACILITATOR**

SCV-262529

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD, YOU ARE HEREBY NOTIFIED THAT:

MICHAEL G. WATTERS, ESQ.
O'BRIEN, WATTERS & DAVIS, LLP
3510 UNOCAL PLACE, SUITE 200
SANTA ROSA, CA 95403
Tel: 707-545-7010
Fax: 707-544-2861
mwatters@obrienlaw.com

has been appointed to preside as the Demurrer Facilitator for Defendant North Sonoma County Healthcare District, sued as Healdsburg District Hospital's Demurrer to Complaint of Rosaura Hernandez filed June 21, 2018, and set for hearing on August 22, 2018, at 3:00 p.m., in Courtroom 18.

The facilitator's attention is called to Sonoma County Superior Court Local Rule 4.16.

Counsel is directed to deliver forthwith to the facilitator copies of their pleadings (complaints, cross-complaints, and answers thereto only) and all papers concerning the demurrer.

The facilitator shall establish the procedures in each case to be utilized by the parties, through telephone conferences, exchange(s) of letters or emails, and/or in-person conferences for discussion and possible resolution of the demurrer.

In the event a resolution of the demurrer is achieved, the facilitator shall notify the court in writing of the disposition and shall serve a copy on all parties, not later than five (5) court days before the scheduled law and motion hearing date.

In the event the parties are unable to resolve the demurrer with the facilitator, the facilitator shall prepare and serve on all parties or their counsel of record a report which contains the following information:  (1) A brief summary of the dispute and contentions of the parties; (2) Any legal or factual analysis made by the facilitator in connection with his/her role in attempting to resolve this dispute; and (3) A statement indicating whether moving and/or opposing parties met and conferred in good faith.  The facilitator shall file such report with the court no later than five (5) court days before the scheduled law and motion hearing date for the demurrer.

Dated: July 26, 2019

_____
Judge of the Superior Court

NOTICE AND ORDER OF APPOINTMENT OF DEMURRER FACILITATOR Sonoma County Local Court Rule 4.16

SCV-262529

## PROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, California, 95403; that I am not a party to this case; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the attached order Notice and Order of Appointment of Demurrer Facilitator in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date:  July 26, 2018

Arlene D. Junior
Court Executive Officer

By: *Cynthia Gaddie*
Cynthia Gaddie, Deputy Clerk

### -ADDRESSEES-

Robert Close Strickland
Strickland Law Group
1372 N McDowell Blvd Ste J
Petaluma Ca  94954

Ross B Jones
Merrill Arnone & Jones LLP
3554 Round Barn Blvd Ste 303
Santa Rosa Ca  95403

MERRILL, ARNONE
AND JONES, LLP

AUG 0 1 2018

# Exhibit B-17
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>DEMURRER FACILITATOR PROGRAM<br>600 Administration Drive, Room 107J<br>Santa Rosa, California 95403<br>(707) 521-6500 | **F I L E D**<br>August 6, 2018<br>Clerk of the Superior Court of California<br>County of Sonoma<br>By : *Cynthia Gaddie*<br>Cynthia Gaddie, Deputy Clerk |
| **PLAINTIFF:**  ROSAURA HERNANDEZ<br><br>**DEFENDANT:**  NORTH SONOMA COUNTY HEALTHCARE DISTRICT | |
| **ORDER VACATING APPOINTMENT OF**<br>**DEMURRER FACILITATOR** | SCV-262529 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED THAT** Michael G. Watters has advised the court he is unable to serve as Demurrer Facilitator in the above-entitled matter at this time.

Therefore, the appointment of Michael G. Watters as Demurrer Facilitator is vacated.

As the demurrer is set for hearing on August 22, 2018, there is insufficient time to send the parties another Notice and Order of Inclusion in Demurrer Facilitator Program.

Dated:  August 6, 2018

_____
JUDGE OF THE SUPERIOR COURT

SCV-262529

## PROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, California, 95403; that I am not a party to this case; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the attached Order Vacating Appointment of Demurrer Facilitator in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date:  August 06, 2018

Arlene D. Junior
Court Executive Officer

By: *Cynthia Gaddie*
 Cynthia Gaddie, Deputy Clerk

### -ADDRESSEES-

Robert Close Strickland
Strickland Law Group
1372 N McDowell Blvd Ste J
Petaluma Ca  94954

Michael G Watters
O'Brien Watters & Davis LLP
3510 Unocal Place Ste 200
Santa Rosa Ca 95403

Ross B Jones
Merrill Arnone & Jones LLP
3554 Round Barn Blvd Ste 303
Santa Rosa Ca  95403

# Exhibit B-18
Rosaura Hernandez v. Healdsburg District Hospital, et al.

1  ROBERT C. STRICKLAND (SBN 243757)
   STRICKLAND LAW GROUP
2  1372 N. McDowell Blvd., Suite J
   Petaluma, California 94954
3  Telephone:    (707) 347-9123
   Facsimile:    (707) 347-9123
4  Email:        Robert@stricklandlawyers.com

5  Attorney for Plaintiff ROSAURA HERNANDEZ

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF SONOMA

9
                                    CASE NO.: SCV-262529
10
                                    CLASS ACTION
11
                                    1ST AMENDED COMPLAINT FOR
12  ROSAURA HERNANDEZ,             DAMAGES AND RESTITUTION FOR:

13              Plaintiff,            1. FAILURE TO PAY OVERTIME [29
                                        USC §§ 207; 216] (CLASS ACTION);
14        v.                         2. VIOLATION OF CALIFORNIA
                                        BUSINESS & PROFESSION CODE
15  HEALDSBURG DISTRICT HOSPITAL        §17200, et. seq. (CLASS ACTION);
    (unknown business entity), and DOES 1-100,  3. HARASSMENT (PLAINTIFF
16  inclusive                            ROSAURA HERNANDEZ);
                                     4. FAILURE TO INVESTIGATE
17              Defendants.              HARASSMENT (PLAINTIFF
                                        ROSAURA HERNANDEZ);
18                                   5. VIOLATION OF CALIFORNIA
                                        FAMILY RIGHTS ACT [Gov.C. §
19                                      12945.2; Gov.C. § 12900 et seq.];
                                     6. VIOLATION OF FAMILY AND
20                                      MEDICAL LEAVE ACT [29 USC §
                                        2601 et seq.] (PLAINTIFF ROSAURA
21                                      HERNANDEZ);
                                     7. RETALIATION IN VIOLATION OF
22                                      LABOR CODE §1102.5, et. seq.
                                        (PLAINTIFF ROSAURA
23                                      HERNANDEZ);

24

25                                   DEMAND FOR JURY TRIAL

26

27

28

- 1 -
1ST AMENDED COMPLAINT FOR DAMAGES

CALENDARED

ENDORSED
FILED

AUG – 7 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**COMES NOW PLAINTIFF** ROSAURA HERNANDEZ (hereinafter "Plaintiff", or "Ms. Hernandez"), an individual over the age of 18, and brings this challenge to Defendant HEALDSBURG DISTRICT HOSPITAL (hereinafter "Defendant"); and DOES 1 through 100. The following allegations are based on Plaintiff's knowledge, information, and belief.

## JURISDICTION AND VENUE

1.     The California Superior Court has jurisdiction in this matter because the monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

2.     The California Superior Court also has jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law, California common law principles, and the California Civil Code.

3.     Venue is proper in Sonoma County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there as most, if not all, of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains officers, transacts business, and/or has agents therein.

4.     Plaintiff has exhausted all administrative remedies and received a Notice of Case Closure and Right to Sue letter from the Department of Fair Employment and Housing on April 8, 2018.

## PARTIES

5.     Plaintiff is a competent adult who is now and/or at all times mentioned in this Complaint resided in the State of California.

6.     Plaintiff is informed and believes, that at all times mentioned herein, Defendant HEALDSBURG DISTRICT HOSPITAL was a California corporation, doing business in the County of Sonoma, in the State of California, and was authorized and qualified to do business in the County of Sonoma, in the State of California. HEALDSBURG DISTRICT HOSPITAL is located at 1375 University Ave, Healdsburg, CA 95448.

7.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, and therefore sues these Defendants by such fictitious names pursuant to

California Code of Civil Procedure (hereinafter "CCP") §474. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages, as herein alleged, were legally caused by the aforementioned Defendants.

8.    Defendant was the employer of Plaintiff.

9.    Pursuant to subsections 2(F)-(H) of I.W.C. Order 5, published at 8 California Code of Regulations ("Cal. Code Reg.") Defendants are the employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each Defendant is severally liable for the wrongs complained of herein.

10.    Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, were the agents, servants, employees, subsidiaries and joint-venturers of the other named Defendants, and were acting at all times within the course and scope of their agency, employment, common enterprise, parent corporation and joint-venture, and with the knowledge and consent of their principals and employees. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

11.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

12.    Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

13.    All of the aforementioned Defendants are hereinafter collectively referred to as "Defendants" unless otherwise stated.

///

## ALLEGATIONS

14.    Plaintiff was a non-exempt employee working for Defendant HEALDSBURG DISTRICT HOSPITAL in the position of a customer service and patient access worker.

15.    At all times during Plaintiff's employment with Defendant HEALDSBURG DISTRICT HOSPITAL, based on her observation and belief, there were in excess of 50 non-exempt and non-salaried employees working for Defendant HEALDSBURG DISTRICT HOSPITAL at any given time.

## FACTS PERTINENT TO ALL CLASS CLAIMS

16.    Plaintiff and all other non-exempt employees at Defendant HEALDSBURG DISTRICT HOSPITAL ("PLAINTIFF CLASS") were required to record their work hours on a computer tracking system ("Tracking System") maintained by Defendant HEALDSBURG DISTRICT HOSPITAL.

17.    The Tracking System recorded all hours worked by Plaintiff and the PLAINTIFF CLASS.

18.    The Tracking System provided payroll information regarding the total hours worked by Plaintiff and the PLAINTIFF CLASS.

19.    Plaintiff and the PLAINTIFF CLASS were required to work more than 40 hours per workweek, but Defendant failed to pay overtime compensation of one-and-one-half times their regular rate of pay.

20.    Plaintiff and the PLAINTIFF CLASS were suffered, permitted and required, to perform work in excess of 40 hours a week, for which they received no overtime pay, including work during an assigned shift, before their shifts and after their shifts, and during required attendance at meetings and trainings.

## FACTS PERTINENT TO THE INDIVIDUAL CLAIMS OF PLAINTIFF ROSAURA HERNANDEZ

21.    Plaintiff Rosaura Hernandez worked at Defendant HEALDSBURG DISTRICT HOSPITAL as a customer service and patient access worker.

- 4 -

22.     During Plaintiff's employment she was sexually harassed by Defendant's employee Monica (last name unknown).

23.     Monica exposed and subjected Plaintiff to unsolicited and unwelcomed sexually explicit language.

24.     Monica's sexual harassment of Plaintiff included discussions of graphic sexual encounters and phallic descriptions.

25.     Monica's harassment of Plaintiff occurred on a daily basis.

26.     Plaintiff asked Monica to stop the harassment but she refused.

27.     Plaintiff reported the sexual harassment to her managers and supervisors including Tom Gillis and Carlos Mendoza.

28.     Plaintiff sent Tom Gillis an email reporting that she was being sexual harassed by Monica.

29.     Plaintiff did not receive a response from Mr. Gillis.

30.     Plaintiff verbally informed Carlos Mendoza of the sexual harassment and requested a grievance form to submit.

31.     Supervisor Carlos Mendoza told Plaintiff that, "We don't have grievance forms here at this place".

32.     Mr. Mendoza then actively dissuaded Plaintiff from making a report and warned her of repercussions of ending up on management's "bad side" and not to upset Manager Tom Gillis.

33.     Plaintiff is not aware of any investigation ever conducted into her complaints and reports of sexual harassment by Tom Gillis, Carlos Mendoza, Human Resources, or anyone at Defendant hospital.

34.     Plaintiff was never interviewed by an investigator following up on her complaints and reports of sexual harassment to Defendant's management and administration.

35.     Plaintiff is unaware of any remedial measures ever taken by Defendant to address her complaint of sexual harassment, and Monica's behavior was allowed to continue.

36.     Plaintiff was also exposed to the unwanted statements and touching of Defendant's employee, Andrew Corrick.

37.     Andrew Corrick made the following statements to Plaintiff, "Suck my Dick"; "Your legs are short but well formed"; "You're going to get drunk and laid"; "You should show your boobies to the doctor to get a better discount."

38.     Plaintiff felt sexually harassed by these statements.

39.     Andrew Corrick would also walk past Plaintiff while she was seated and caress her hair.

40.     Plaintiff reported this behavior as sexual harassment to Supervisor Carlos Mendoza.

41.     Mr. Mendoza laughed at Plaintiff's report.

42.     Plaintiff also reported Andew Corrick's behavior as sexual harassment to Supervisor Kim Sharif.

43.     Supervisor Sharif told Plaintiff it was a, "he said she said problem, that is the past, and from now on I want the staff to be customer service oriented and nothing else."

44.     Kim Sharif then asked Plaintiff if she was going to be a problem or if she could cooperate.

45.     Plaintiff is not aware of any investigation ever conducted into her complaints and reports of sexual harassment regarding Andrew Corrick.

46.     Plaintiff was never interviewed by any investigator into her complaints and reports of sexual harassment regarding Andrew Corrick.

47.     Plaintiff is unaware of any remedial measures that were taken to address her report of sexual harassment, and Andew Corrick's behavior was allowed to continue.

48.     Plaintiff also requested from Supervisor Kim Sharif that she be allowed to take medical leave in order to care for her sick daughter.

49.     Supervisor Sharif informed Plaintiff that she could only take medical leave if she resigned from her position.

50.     Plaintiff stated that she did not want to resign, but that she wanted to take medical leave.

51.     Soon thereafter, Plaintiff's daughter came to visit during a break.

52.     Supervisor Sharif approached Plaintiff and her daughter and loudly demanded that Plaintiff's daughter was not allowed to visit.

53.     Plaintiff's daughter left, and Supervisor Sharif then immediately called Plaintiff into her office and instructed her to turn in her badge and sign a resignation form.

54.     Plaintiff told Supervisor Sharif that she wanted to keep her job and did not want to resign.

55.     Supervisor Sharif repeated her request for the badge and resignation.

56.     Plaintiff again declined.

57.     Supervisor Sharif then called Supervisor Tom Gillis on speaker phone and stated, "Rosie (Plaintiff) is here in the office and I'm letting her go."

58.     Tom Gillis replied, "Okay".

59.     Plaintiff was not allowed to collect all of her belongings and was escorted off the premises.

60.     Approximately seven days later, Plaintiff received correspondence from Defendant containing her final paycheck and a letter incorrectly claiming Plaintiff had abandoned her post and her employment was terminated.

61.     Plaintiff did not abandon her post, but had been terminated by Supervisors Sharif and Gillis.

## THE PROPOSED CLASS

62.     Plaintiff proposes she serve as Class Representative for all persons who, at any time during the three (3) years preceding the filing of this action, and since, were employed by Defendant HEALDSBURG DISTRICT HOSPITAL in non-exempt job positions and worked in excess of 40 hours per work week without receiving overtime pay.

## CLASS ACTION REQUIREMENTS ARE SATISFIED

63.     NUMEROSITY:  The PLAINTIFF CLASS is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes,

1   and thereon alleges that over 100 current and former non-exempt individuals have been

2   employed by Defendants during the period commencing four years prior to the filing of the

3   Complaint in this action, to date.

4       64.    <u>COMMON QUESTIONS PREDOMINATE</u>:  Common questions of law and fact

5   exist as to all members of the PLAINTIFF CLASS and predominate over any questions that

6   affect only individual members of the class.  The predominant common questions of law and fact

7   include:

8           i.      Whether DEFENDANTS provided PLAINTIFF CLASS with Overtime

9                   pay for all hours worked in excess of forty hours per work week;

10      65.    <u>TYPICALITY</u>:  Plaintiff's claims are identical of the claims of the PLAINTIFF

11   CLASS.  All CLASS MEMBERS worked at the same location under the same administration

12   and under Defendants' common practices regarding payment of wages.  CLASS MEMBERS all

13   worked under the same time tracking program.

14      66.    <u>ADEQUACY</u>:  Plaintiff will fairly and adequately protect the interests of the

15   members of the class.  Plaintiff's attorney has experience in employment and class action matters

16   and may adequately represent the class in this matter.  Plaintiff has no interest that is adverse to

17   the interests of the PLAINTIFF CLASS.

18      67.    <u>SUPERIORITY</u>:  A class action is superior to other available means for the fair and

19   efficient adjudication of this controversy.  Because individual joinder of all members of the class

20   is impractical, class action treatment will permit a large number of similarly situated persons to

21   prosecute their common claims in a single forum simultaneously, efficiently and without the

22   unnecessary duplication of effort and expense that numerous individual actions would engender.

23   The relatively minor amount of individual damages in question coupled with the expenses and

24   burdens of individual litigation would make it difficult or impossible for individual members of

25   the calls to redress the wrongs done to them, while important public interests will be served by

26   addressing the matter as a class action.  The cost to and burden on the court system of

27   adjudication of individualized litigation would be substantial and substantially more than the

28

costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
Failure to Pay Overtime Wages - Against All Defendants
(CLASS ACTION)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

68. Defendants failed to pay its non-exempt workers overtime pay of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours in each work week.

69. This practice violates the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

70. Defendants failure to pay employees appropriate overtime compensation was willful and done with reckless disregard.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
Violation of California Business & Profession Code §17200, et. seq.
(CLASS ACTION)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

71. Defendants' wage violations alleged heretofore, occurred throughout the four year period preceding the filing of this action. The alleged conduct is illegal conduct pursuant to the regulations, laws, and statutes of California.

72. This conduct occurred during the four year period preceding the filing of this action. The unlawful conduct of Defendants constitutes unlawful business practices in violation of Business and Professions Code §17200, et seq.

73. Pursuant to Business and Professions Code § 17200, et seq. Plaintiff and the Plaintiff Class have suffered injures in fact and have lost money or property as a result of such unfair competition on behalf of the Defendants.

74. Plaintiff and the Plaintiff Class seeks full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
Sexual Harassment
(PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

75. At all times herein mentioned, California Government Code §12940(j)(1) was in full force and effect and was binding on Defendant. This statute holds that it is an unlawful employment practice for an employer, "because of…sex, gender… to harass an employee…"

76. The conduct of defendants, and each of them as described above, was directly harassing of plaintiff, and contributed to a work place environment hostile to plaintiff, based on plaintiff's sex, in violation of Government Code § 12940(j)(1), and Title 2 California Administrative Code §§ 7287.6, 7287.7, and 7287.8, and in violation of common law sex harassment in abrogation of plaintiff's rights.

77. The defendants are legally responsible for the conduct of their co-defendants based on said defendants' actual or construction knowledge of the conduct and their failure to take reasonable steps to prevent said conduct, and based on defendants and Does 1 through 100, inclusive, positions of authority over plaintiff.

78. As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer damages, substantial losses in salary, and other special and general damages to be ascertained according to proof.

79. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants harassed plaintiff

because of her sex and gender, thereby entitling plaintiff to exemplary or punitive damages.

80. As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Failure to Investigate or Take Steps to Prevent Harassment
### (PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

81. Defendants, by permitting the sexual harassment to continually occur, and by ignoring her reporting of the same, as described above, failed to take all reasonable steps necessary to prevent harassment and discrimination from occurring in violation of Government Code §§ 12926.1 and 12940(k) and all applicable regulations under the California Code of Regulations.

82. Plaintiff was injured and damaged as alleged above as a direct and legal result of the defendants' conduct.

83. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

84. As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, punitive damages, equitable relief, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### California Family Rights Act – Gov.C § 12945.2; 12900 *et seq.*
### (PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

85. Defendant's actions violated Gov.C. § 12945.2 as described above.

86. The defendants are legally responsible for the conduct of their co-defendants based on said defendants' actual or construction knowledge of the conduct and their failure to take

- 11 -

1    reasonable steps to prevent said conduct, and based on defendants and Does 1 through

2    100, inclusive, positions of authority over plaintiff.

3    87. As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff

4    has suffered and continues to suffer damages, substantial losses in salary, and other

5    special and general damages to be ascertained according to proof.

6    88. The above-alleged actions of defendants were done with malice, fraud or oppression, and

7    in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and

8    in violation of the public policy of California. Specifically defendants harassed plaintiff

9    because of her sex and gender, thereby entitling plaintiff to exemplary or punitive

10    damages.

11    89. Plaintiff also prays for reasonable costs and attorney fees, as allowed.

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
Family and Medical Leave Act – 29 USC § 2601 *et seq.*
(PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained

in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein

90. Defendant's actions violated 29 USC §2601, as described above.

91. The defendants are legally responsible for the conduct of their co-defendants based on

said defendants' actual or construction knowledge of the conduct and their failure to take

reasonable steps to prevent said conduct, and based on defendants and Does 1 through

100, inclusive, positions of authority over plaintiff.

92. As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff

has suffered and continues to suffer damages, substantial losses in salary, and other

special and general damages to be ascertained according to proof.

93. The above-alleged actions of defendants were done with malice, fraud or oppression, and

in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and

in violation of the public policy of California. Specifically defendants harassed plaintiff

because of her sex and gender, thereby entitling plaintiff to exemplary or punitive

damages.

94. Plaintiff also prays for reasonable costs and attorney fees, as allowed.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Retaliation §1102.5(b), §1102.5(c)
### (PLAINTIFF ROSAURA HERNANDEZ)

Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

95. At all times herein mentioned, California Labor Code §1102.5 *et seq.* was in full force and effect and was binding on Defendants.

96. Plaintiff was an employee of Defendants.

97. Plaintiff engaged in a protected activity by disclosing what she believed to be violations of state and federal law.

98. Defendants took adverse employment actions against Plaintiff including terminating her employment in retaliation for Plaintiff's actions.

99. Plaintiff's engagement in a protected activity was a contributing factor for Defendants' motivation to take adverse employment actions against Plaintiff.

100.    Defendants acted with malice and reckless disregard for Plaintiff's rights in causing Plaintiff's injuries.

101.    Defendants' actions were a substantial factor in causing this harm.

102.    As a direct, foreseeable, and proximate result of this conduct of Defendants, the Plaintiff has suffered and continues to suffer emotional distress, substantial losses in salary, and other special and general damages to be ascertained according to proof.

103.    Plaintiff also prays for reasonable costs and attorney fees, as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and the Plaintiff Class, and all others similarly situated, pray for relief and judgment against Defendants as follows:

CLASS CERTIFICATION

A.    The First and Second, causes of action be certified as a class action.

B.    PLAINTIFF be certified as the representative of the class.

C.    Counsel for PLAINTIFF be confirmed as class counsel.

- 13 -

1ST AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE
(CCP 1013a; 2015.5; CRC 2008)

At the time of service, I was over 18 years of age and not a party to this action. I am employed at Strickland Law Group, located in the county of Sonoma. My business address is: 1372 N McDowell Blvd., Suite J, Petaluma, CA 94954. On the date set forth below, I caused to be served true and correct copies of the following document(s) described as:

- **PLAINTIFF'S 1ST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION, CIVIL CASE SOVER SHEET, SUMMONS**

To the following parties:
**Ross B. Jones**
**Merrill, Arnone & Jones, LLP**
**3554 Round Barn Boulevard, Ste. 303**
**Santa Rosa, CA 95403**


[XX]    (By U.S. Mail)

   [XX ] I deposited such envelope in the mail at Petaluma, California with postage thereon fully prepaid.

   [ XX ] I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with postage thereon fully prepaid at Petaluma, California.  I place the envelope(s) for collection and mailing on the below date following ordinary business practices.

[   ]    (By electronic mail)

[   ]    (By facsimile)

[   ]    (By personal delivery)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


DATED:  August 7, 2018

Katie Spaulding

ON ALL CAUSES OF ACTION

D.    For an Order finding and declaring that Defendants' acts and practices as described herein are unlawful;

E.    For an Order of restitution in an amount equal to the unpaid wages, expenditures, and losses of Plaintiff and the Plaintiff Class in an amount to be determined at trial;

F.    For an Order permanently enjoining Defendants acts and practices described herein;

G.    For compensatory damages against Defendants to be paid to the Plaintiff and Plaintiff class, including all wages, expenditures, and losses owed under California law;

H.    For all special damages in an amount to be proven at trial;

I.    For all general damages in an amount to be proven at trial;

J.    For interest and prejudgment interest on the above amounts as allowed by Labor Code § 1194 and California Civil Code § 3287;

K.    For all appropriate penalties;

L.    For reasonable attorney's fees and costs, pursuant to the Labor Code and Code of Civil Procedure;

M.    For waiting time penalties pursuant to Labor Code § 200-203;

N.    For Liquated Damages pursuant to Labor Code § 1194.2;

O.    For all costs of suit, damages and equitable relief;

P.    For such other relief as the Court deems just and proper.

Dated: August 6, 2018

STRICKLAND LAW GROUP

By:    _[signature]_
ROBERT C. STRICKLAND, ESQ.
Attorney for Plaintiffs
ROSAURA HERNANDEZ

# Exhibit B-19
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HEALDSBURG DISTRICT HOSPITAL (unknown business entity), and
DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSAURA HERNANDEZ

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

AUG - 7 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sonoma County Superior Court<br><br>600 Administration Drive, Room 107J, Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br><br>SCV-262529 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert C. Strickland, 1372 N. McDowell Blvd, Suite J, Petaluma, CA 94954; Tel: (707) 347-9123

DATE:
*(Fecha)* AUG - 7 2018  ARLENE D. JUNIOR  Clerk, by  Angela Mendia  , Deputy
                                    *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## Exhibit B-20
Rosaura Hernandez v. Healdsburg District Hospital, et al.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.D. §1441(a)(FEDERAL QUESTION)

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (N_____ Bar number, and address):
Robert C. Strickland (SBN: 24375_)
Strickland Law Group
1372 N. McDowell Blvd., Suite J
Petaluma, CA 94954
TELEPHONE NO.: 707-347-9123    FAX NO.: 707-347-9123
ATTORNEY FOR (Name): ROSAURA HERNANDEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS: 600 Administration Drive, Room 107J
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME: Civil

CASE NAME:
ROSAURA HERNANDEZ v. HEALDSBURG DITRICT HOSPITAL

FOR COURT USE ONLY

ENDORSED
FILED

AUG ~ 7 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | SCV-262529 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Hon. Rene A. Chouteau   DEPT: 18 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [✓] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 7, 2018
Robert C. Strickland
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2